## MacGinnitie *v.* Silvers.

[No. 20,847.    Filed November 2, 1906.]

1. MUNICIPAL CORPORATIONS.—*Streets and Alleys.—Vacation of.*
   —*Remonstrance.—Appeal and Error.—Boards of Commission-
   ers.*—The filing before the board of commissioners of an un-
   verified remonstrance, by a landowner, against the vacation of
   the streets and alleys in a plat of land disannexed by a munic-
   ipal corporation, in a proceeding under §4229 Burns 1901, Acts
   1893, p. 44, providing for such vacation, sufficiently shows an
   interest in such remonstrant entitling him to appeal from the
   decision of such board.    p. 323.

2. SAME.—*Streets and Alleys.—Vacation of.—Joint Remon-
   strance.—Appeal by One.—Boards of Commissioners.*—One of
   several joint remonstrants, in a proceeding to vacate the streets
   and alleys of a plat of land disannexed by a municipal cor-
   poration, has the right to a separate appeal from the decision
   therein by the board of commissioners.    p. 323.

3. EASEMENTS.—*Streets and Alleys.—Property Rights.*—The
   right of egress and ingress is a property right belonging to the
   owner of a lot, and can be taken from him only by due process
   of law.    p. 324.

4. BOARDS OF COMMISSIONERS.—*Judicial Capacity.—Vacation of
   Streets and Alleys.*—The board of commissioners in deciding
   upon a petition under §4229 Burns 1901, Acts 1893, p. 44, for
   the vacation of the streets and alleys in a plat of land disan-
   nexed by a municipal corporation, acts in a judicial capacity.
   p. 324.

From Adams Circuit Court; *Richard K. Erwin,* Judge.

Petition by Penina Silvers, against which Walter F.
MacGinnitie remonstrated.    From an order of the circuit
court dismissing remonstrant's appeal from the board of
commissioners, remonstrant appeals.    Transferred from
Appellate Court under §1337u Burns 1901, Acts 1901,
p. 590.    *Reversed.*

*Frank B. Jaqua* and *Dore B. Erwin,* for appellant.

*Smith & Moran,* for appellee.

MONTGOMERY, J.—This proceeding was commenced by
appellee before the Board of Commissioners of the County

of Jay, to vacate the lots, streets and alleys of a certain plat of ground which had theretofore been disannexed from the city of Portland. The proceeding was founded upon the following statute: "That the owner or owners of real estate which may or has been disannexed from any city or town in this State, according to the provisions of §3247 of the revised statutes of 1881, may have the lots, streets and alleys vacated on petitioning the board of commissioners of the county in which said city or town is situated reciting the fact of the desire of such owner or owners to have the lots, streets and alleys of such disannexed territory vacated. Notice of the filing of such petition and the substance thereof, shall be published for one week in some newspaper printed and published in such county, twenty days previous to the first day of the meeting of such board of commissioners. If the facts in such petition are found to be true, and there is no valid objection thereto by the owner or owners of real estate affected thereby, said board shall cause an order to be made upon their records, declaring the lots, streets and alleys in said disannexed territory vacated, and that such territory thereafter be described as unplatted land." Acts 1893, p. 44, §4229 Burns 1901.

Notice of the proceeding was duly given, and in response thereto appellant and others appeared and filed their objections in writing by way of remonstrance against the granting of appellee's petition. The objections were overruled, the prayer of the petition granted, and an order or judgment entered vacating the lots, streets and alleys included in the plat. Appellant appealed from this judgment to the Jay Circuit Court, and upon application the venue of the cause was transferred to the Adams Circuit Court. In the latter court the appeal was dismissed upon appellee's motion, assigning as reasons therefor: (1) That appellant had filed no affidavit of the fact that he was interested in and aggrieved by the decision of the board; (2) that the other remonstrators had not joined in the appeal; (3) that

the judgment of the board was wholly legislative and not judicial, and therefore not appealable.

The only error assigned is the dismissal of said appeal.

In the remonstrance filed before the board it was shown that appellant owned lots ten, eleven and twelve in block three of the plat of ground to be vacated, as well as 1. other lots in the same addition, and that the vacation of the streets and alleys, as prayed, would affect the means of ingress and egress to and from such property, to the great inconvenience of the owner. The publication of notice of the filing and substance of appellee's petition was to afford persons whose property rights might be affected an opportunity to appear and make objections to the proceeding. The statute quoted clearly contemplates that the *ex parte* petition shall be presented by the owner or owners of all the ground embraced in the plat to be vacated. Appellant's remonstrance disclosed a deficiency in appellee's title, and averred that appellant was the owner of a portion of the tract, and of other rights affected, and thus tendered a "valid objection" and an issue which, if established by proof, would necessarily defeat the proceeding. The appearance and filing of this remonstrance made appellant a party to the proceeding, and sufficiently made known his interest in the matter pending, and no affidavit of his interest and that he was aggrieved by the decision of the board was required. *Strebin* v. *Lavengood* (1904), 163 Ind. 478; *Harris* v. *Millege* (1898), 151 Ind. 70.

The remonstrators signed a single document in which their several interests were distinctly shown, and there can be no question that appellant might prosecute a 2. separate appeal. It follows that the second ground of the motion to dismiss is not tenable.

Appellee's counsel contend that in proceedings of this character the board of commissioners exercises a purely

arbitrary discretion, and that its decision is final, and no appeal therefrom is authorized. The means of ingress and egress, and ways appurtenant to property, constitute valuable property rights which can only be taken by due process of law. If this statute contemplated the destruction of such rights against the owner's will, and without any provision for a hearing of a judicial character upon the question of the public necessity or utility thereof, or, for the assessment and payment of resulting damages, its validity would be open to serious question. But, as already said, it is not contemplated that the board will act until petitioned so to do by the owners of all the lots involved, and when, after notice, no showing is made that the proposed vacation will injure private rights or the public convenience or that there is any valid objection to the proceeding. In the determination of these matters the board acts judicially, and from its final order or judgment an appeal is authorized. Elliott, Roads and Sts. (2d ed.), §§359, 876, p. 960; *Flournoy* v. *City of Jeffersonville* (1861), 17 Ind. 169, 79 Am. Dec. 468; *Hanna* v. *Board, etc.* (1867), 29 Ind. 170; *State, ex rel.,* v. *Board, etc.* (1874), 45 Ind. 501; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549; *Board, etc.,* v. *Logansport, etc., Gravel Road Co.* (1882), 88 Ind. 199.

The court erred in dismissing appellant's appeal, and the judgment is reversed, with directions to overrule appellee's motion to dismiss, and for further proceedings not inconsistent with this opinion.