## CUSHMAN *v.* HUSSEY ET AL.

[No. 9,365. Filed January 11, 1916.]

1. INTOXICATING LIQUORS.—*Elections.*—*Dismissal of Petition.*—*Appeal from Order of Board of Commissioners.*—The order of a board of county commissioners dismissing a petition filed before it praying for an election upon the question of whether the sale of intoxicating liquors as a breverage shall be prohibited, instead of ordering the election as provided for in §8316 Burns 1914, Acts 1911 p. 363, is a judicial act from which an appeal will lie in favor of any one aggrieved by such order. p. 466.

2. APPEAL.—*Right of Appeal.*—*Parties.*—*Interest.*—*Appeal by Taxpayer from Judgment Ordering Local Option Election.*—Where, on dismissal by the board of county commissioners of a petition for an election upon the question of whether the sale of intoxicating liquors should be prohibited, two of the petitioners, alleging they were aggrieved, appealed to the circuit court and there procured the issuance of summons on a remonstrant who as a taxpayer had moved for and procured the dismissal of the petition by the board, and the actual litigation was carried on between him and the petitioners, while the issues joined disclosed no other parties, the remonstrant had such an interest in the judgment of the circuit court ordering the board to hold the election as to preclude a dismissal of his appeal therefrom. p. 469.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Proceedings on the petition of Sardius Boger and others for an election on whether the sale of intoxicating liquor should be prohibited. On appeal of Joseph Hussey and another from an order of the board of county commissioners dismissing the petition, the circuit court rendered judgment directing the board to hold an election, from which judgment this appeal is prosecuted. Motion by appellees to dismiss the appeal. *Motion overruled.*

*T. Morton McDonald,* for appellant.

*Henry Kister* and *Harvey Harmon,* for appellees.

MORAN, J.—Sardius Boger and 518 others, legal voters of the city of Princeton, Indiana, filed a peti-

tion as provided by statute, asking that an election be held to determine whether the sale of intoxicating liquors as a beverage should be prohibited within the city of Princeton. After the filing of the petition, appellant, designating himself, as a .remonstrator and taxpayer addressed a written motion to the petition asking that the same be dismissed for the reason that there was on file in the auditor's office of Gibson County a remonstrance signed by more than a legal majority of the voters of the city of Princeton, remonstrating against the issuance of license to any person to sell intoxicating liquors as a beverage, which had been duly approved by the board, and had nearly two years in which to run, and that no license could be granted until this period of time had expired, and that the holding of an election would be a useless and needless expense. Upon the addressing of this motion to the petition asking for the election, the board granted the prayer of the motion and dismissed. the petition; thereupon an appeal was taken to the Gibson Circuit Court by two of the petitioners. In addition to being parties to the proceedings in the commissioner's court, they filed an affidavit setting up that they were aggrieved by the decision of the board of commissioners. After the proceeding reached the circuit court, appellant entered a special appearance to the petition and by written motion moved to dismiss the appeal for. the reasons assigned in the commissioners' court and that the appeal had been taken after the commissioners' court had adjourned and in vacation, and no summons had been issued for him to appear and likewise a stay of proceedings was asked until summons was issued. Upon motion of the petitioners who appealed summons was ordered for appellant to appear to the

petition and the motion to dismiss the appeal and to stay proceedings was overruled. After an unsuccessful attempt to quash the summons upon special appearance, appellant addressed a pleading to the petition similiar to the one addressed to the petition in the commissioners' court. This pleading was stricken out on motion of the petitioners who appealed and appellant reserved an exception to the action of the court. Thereupon, he filed an answer of general denial as a taxpayer to the petition and upon the issues thus joined a trial was had and the court found that the petition was sufficient and ordered that an election be held on June 24, 1915, to determine whether the sale of intoxicating liquors as a beverage should be prohibited in the city of Princeton, and further ordered and directed the board to give notice and to take such further steps as were necessary under the statute to hold such election. Appellant moved the court for a new trial, but the court refused to permit his motion to be filed. To the action of the court in this behalf appellant excepted. The prayer for an appeal was granted and bond filed and approved.

The many reasons assigned why the cause should be dismissed may all be summed up in the general proposition as to whether there was such a

1. judgment rendered in the circuit court from which an appeal could be taken, and as to whether appellant had such an interest as to entitle him to prosecute an appeal. In addition to the above, however, appellees suggest, rather than argue, that appellant has no standing in this court for the reason that mandate and not an appeal was appellees' remedy when the board refused to order the election. Section 8316 Burns 1914, Acts 1911 p. 363, provides among other things that whenever a petition has been signed by a given per cent of the

qualified voters, and filed with the county auditor, praying the board of commissioners for the privilege of determining by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited, within a certain described territory, the board of commissioners at its next regular session shall order a special election in not less than twenty nor more than thirty days thereafter. Now where the board of commissioners refused to order an election by reason of an objection being interposed by a taxpayer and dismissed the petition therefor, Was the act judicial from which an appeal would lie? Under §6021 Burns 1914, §5772 R. S. 1881, an appeal may be taken by any one aggrieved from any decision of the board of commissioners. This statute allows appeals generally from decisions of the board of commissioners, and has received the following construction: "Where the duty of commissioners involves judicial action, an appeal lies from its judgment, unless the right of appeal is denied expressly or by necessary implication from the statute creating the duty. Where that duty does not involve judicial action, but consists in the performance of administrative, ministerial or discretionary powers, no appeal lies from such action, unless it is expressly authorized by statute." *Board, etc.* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515. See, also, *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549; *McGinnitie* v. *Silvers* (1906), 167 Ind. 321, 78 N. E. 1013.

In *Grusenmeyer* v. *City of Logansport, supra,* it was held that an appeal would lie to the circuit court under the general statute authorizing appeals from a board of commissioners, where the board of commissioners rejected a petition asking for the incorporation of a town; and in this cause, as in the cause at bar, the statute provided for a submission

of the question to the qualified voters within a given territory. In *State, ex rel.* v. *Board, etc.* (1892), 131 Ind. 90, 30 N. E. 892, the board ordered an election under the statute to ascertain if a certain toll road should be purchased by the county. The majority of the legal voters within the district voted in favor of purchasing the same, but notwithstanding, the board entered an order of record refusing to do so; and it was there said: "In the matter of determining the sufficiency of the petition to purchase a toll road, and in determining the sufficiency of the notice of the election, the regularity of the election, in canvassing the vote, and declaring the result, investigating and passing upon the title of the person, or company, to the road which is the subject of purchase, and in determining that such steps had been taken as authorizes it to complete the purchase, the board acts judicially." In *Board, etc.* v. *Karp* (1883), 90 Ind. 236, where a petition was filed by a taxpayer praying that the board subscribe for stock in a railroad in the name of the county, which had voted aid thereto, and the board refused to grant the petition. It was said: "We think that, without doubt, appellee was entitled to appeal from the decision of the board of commissioners. The question was not whether the board should act at all   *   *   *   but whether the action taken and the decision made was the correct one. In making that decision, the board acted in a judicial capacity. From all decisions made when thus acting, there is a clear right of appeal." When the board of commissioners in acting upon a petition, which presents a question of fact to be passed upon and the decision of the board can not be collaterally challenged, the remedy is by appeal. *Bell* v. *Maish* (1894), 137 Ind. 226, 36 N. E. 358, 1118, and authorities cited. It will be noticed by the

statute under consideration that when twenty per cent of the qualified voters of a territory petition for an election to determine whether a majority of the legal voters within the territory desire that the sale of intoxicating liquors as a beverage shall be prohibited, the board shall order an election and the petition shall be deemed sufficient if it complies with the form designated by the statute. It is clear, we think, in view of the holdings that the board, in refusing to call an election by dismissing the petition, acted in a judicial manner from which an appeal would lie.

If the conclusion thus far reached is correct, then the only question remaining is, Has appellant such an interest in the judgment rendered ordering and directing the board to hold the election prayed for in the petition as to entitle him to appeal therefrom? It will be remembered that upon motion of the petitioners, who appealed, and who are appellees in this court, summons was ordered for appellant after the cause reached the circuit court. It has been held that one, who by his own voluntary act brings another party into a court as a party to an action, can not afterwards be heard to say that such a party is not a proper party to the record. *Renner* v. *Ross* (1887), 111 Ind. 269, 12 N. E. 508; *Clearspring* v. *Blough* (1909), 173 Ind. 15, 88 N. E. 511, 89 N. E. 369; *Marshall* v. *Watson* (1908), 171 Ind. 238, 86 N. E. 339. While the order to take the necessary steps under the statute to hold an election is directed against the board of commissioners, it amounts virtually to a judgment against appellant, as he was defeated so far as he was concerned in the litigation. The funds to defray the expenses of the election are raised by taxation, and being a taxpayer, he would be compelled to pay *pro tanto* to help defray the same. The ac-

tual litigation was carried on between appellant and the petitioners in the commissioners' court, and between two of the petitioners (appellees herein) and appellant in the circuit court. The issues joined disclose no other parties. The appeal is in term time; there is no contention but that the proper appellees are before the court. If the board of commissioners desired to join in the appeal, it had notice of the appeal. §675 Burns 1914, Acts 1895 p. 179; *Small* v. *Hammes* (1901), 156 Ind. 556, 60 N. E. 342.

It is hardly necessary to state that what we have said applies to the questions involved in the motion to dismiss, and is not intended to apply in any manner to the questions going to the merits of this appeal, nor as to whether there is any question presented in reference to the filing of the motion for a new trial; there being other errors assigned independent of the action of the court as to the motion for a new trial. Motion to dismiss the appeal is overruled.

NOTE.—Reported in 111 N. E. 23. See, also, under (1) 23 Cyc 97.