CUSHMAN v. HUSSEY.

[No. 23,286. Filed March 1, 1918.]

1. COURTS.—*Jurisdiction.*—*Transferring Cases.*—In a case transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590, authorizing transfers in case of a disparity between the number of cases pending in the Supreme and Appellate Courts, the Supreme Court has the same jurisdiction to determine the question presented as the Appellate Court, including the power to re-examine the ruling of that court on a motion to dismiss. p. 230.

2. APPEAL. — *Questions Reviewable.* — *Administrative.* — Where the duty of a board of commissioners does not involve judicial action, but consists in the performance of administrative, ministerial or discretionary powers, no appeal lies from such action unless it is expressly authorized by statute. p. 230.

3. INTOXICATING LIQUORS.—*Local Option.*—*Denial of Petition.*— *Appeal.*—Section 8318 Burns 1914, Acts 1911 p. 363, which provides that the board of commissioners shall order a local option election when petitioned by twenty per cent. of the

qualified electors, confers only a ministerial duty, and this duty is none the less ministerial because the board is required to determine, as provided in the statute, that the petitioners constitute the required per cent. of such electors; hence no appeal lies from the action of the board in denying such a petition, there being no special provision in the statute for an appeal. pp. 231, 234.

4.   APPEAL.—*Jurisdiction.*—*Void Judgment.*—Where a court enters a judgment which is void for want of jurisdiction, an appeal lies for the purpose of setting aside the void judgment, and the court on appeal acquires jurisdiction for such purpose only. p. 235.

From the Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Petition by Joseph Hussey and others before the board of commissioners for a local option election. From an order dismissing the petition, on motion of Robert A. Cushman, the petitioners appealed to the circuit court, which directed an election to be held, and Cushman appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*T. Morton McDonald,* for appellant.
*Henry Kister* and *Harvey Harmon,* for appellee.

LAIRY, J.—Appellees with others joined in a petition filed with the board of commissioners of Gibson county purporting to be signed by twenty per cent. of the legal voters of the city of Princeton. The purpose of the petition was to obtain an order of the board of commissioners calling an election in the city of Princeton to determine whether the sale of intoxicating liquors should be prohibited within the corporate limits of said city. §§8316-8323 Burns 1914, Acts 1911 p. 363. After the petition was filed one Robert A. Cushman designating himself as a taxpayer and remonstrator appeared before the board and filed a motion to dismiss the petition, which motion was sustained, and the petition was dismissed by the board. After the order dismissing the

petition was filed, two of the petitioners who are named here as appellees attempted to appeal to the Gibson Circuit Court. Cushman, who is named here as appellant, appeared in the circuit court and renewed his motion to dismiss, which was overruled, and such proceedings were had in that court as resulted in an order finding the petition sufficient, and in directing an election to be held thereunder. Cushman attempted to appeal from this order by filing a record and assignment of errors with the clerk of the Appellate Court.

The case has been transferred to this court under the disparity clause of our statute. §1405 Burns 1914, Acts 1901 p. 590. While the case was pending 1. in the Appellate Court a motion to dismiss was filed and overruled with an opinion. *Cushman* v. *Hussey* (1915), 60 Ind. App. 464, 111 N. E. 23. The case having been transferred under the section of the statute cited, this court has the same jurisdiction to determine the question presented as was possessed by the Appellate Court, including the power to re-examine the ruling of that court on the motion to dismiss.

As a ground for the motion to dismiss the appeal, appellee asserts that the action of the board of commissioners in passing on the sufficiency of the peti- 2. tion and in ordering an election as provided by §8318 Burns 1914, *supra*, is not judicial in its character, but that it is purely a ministerial duty. If the action of the board directed by §8318, *supra*, is administrative in its character, no appeal could be taken, as the statute makes no special provision for such an appeal. As to boards of commissioners generally, it is the rule that where the duty to be performed does not involve judicial action but consists in the performance of administrative, ministerial or discretionary powers, no appeal lies from such action unless it is specially authorized by statute. 7 R. C. L. 942; *Board* v. *Davis*

(1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515; *Board* v. *Heaston* (1896), 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. 192.

In the case last cited the court, at page 587, of the opinion said: "Boards of commissioners, under the law, in the discharge of their duties have, at least, a dual character. In some respects they act judicially, and the law regards them as a court, and from their decision an appeal lies in this state under section 5772, R. S. 1881 (Section 7859, R. S. 1894), by a party aggrieved, to a higher court." At page 588 the court said: "It is likewise true that when administrative duties are enjoined upon these boards by law, from their actions thereon, no appeal can be taken unless especially authorized by statute." The case last cited also holds that the statute authorizing appeals, generally, from boards of county commissioners (§6021 Burns 1914, §5772 R. S. 1881) applies only to decisions of the board which are of a judicial character.

Section 8318 Burns 1914, *supra*, provides that the petition provided for in §1 of the act shall be deemed sufficient when it is signed by twenty per cent. of the number of qualified electors of the territory for which such election is petitioned. The section provides that when this is ascertained the board *shall order* an election. Before ordering an election on such a petition the board is required to ascertain in the manner provided by the section, that the legal voters who have signed the petition constitute twenty per cent. of the number of qualified electors of the territory in which the election is requested. The duty resting on the board after ascertaining such fact is purely ministerial. It is well settled in this state that a duty is none the less ministerial because the person upon whom it rests is required to ascertain the existence of a state of facts as a preliminary step to the

exercise of the right or duty. *Flournoy* v. *City of Jeffersonville* (1861), 17 Ind. 169, 79 Am. Dec. 468; *Wilkins* v. *State* (1888), 113 Ind. 514, 16 N. E. 192; *State* v. *Johnson* (1886), 105 Ind. 463, 5 N. E. 553; *Board* v. *State, ex rel.* (1896), 147 Ind. 476, 46 N. E. 908.

The case last cited was a mandamus proceeding brought to compel the board of commissioners of Jackson county to order a special election on the petition filed by relator and others for the purpose of enabling the voters of Jackson county to determine whether the county seat of that county should be removed from Brownstown to Seymour. A peremptory writ of mandate was awarded by the trial court and this judgment was affirmed on appeal. At page 494 of the opinion, speaking on the subject here under consideration, the court said: "The entire scope of this act clearly indicates that it was the intent and purpose of the legislature to make the action of the board of commissioners, in considering the petition and in ordering the special election, purely ministerial, and not judicial. The affidavits required to be attached to, and accompany the petition, were declared to be conclusive evidence of the truth of the facts required to warrant the commissioners in ordering the election. Nothing in the nature of an adversary proceeding was contemplated. When the petition, affidavits, and bond were filed, as provided by the act, which requirements the complaint avers were complied with, the duty of the board under the statute was so plain and imperative that no element of discretion can be said to enter into its performance; and it is manifest, also, that under its provisions the board was not invested with judicial functions."

It is apparent from a consideration of this statute that the legislature intended that the sufficiency of the petition should be summarily determined, and that the election should be ordered if the petition was found suffi-

Cushman *v.* Hussey—187 Ind. 228.

cient. No notice of the filing of the petition is required and adversary proceedings were not contemplated so far as ordering the election is concerned. As to this question, at least, the action of the board in determining the sufficiency of the petition is purely ministerial and its duty to call the election, in case the petition is sufficient, is mandatory. It certainly was not intended that the calling of the election should be delayed by the formation and trial of issues as to the sufficiency of the petition, which might involve the possibility of appeals as in this case resulting in extended delay.

A similar question to the one here under consideration was presented and decided in the case of *Locher* v. *Walsh* (1911), 17 Cal. App. 727, 121 Pac. 712. In that case it appeared that the petition had been filed with the clerk of the city of Auburn requesting that a certain ordinance regulating the sale.of intoxicating liquors be referred to the voters of the municipality, and that an election be called for that purpose under the provisions of the law of that state with reference to the passage of ordinances by initiative vote. Under the provisions of the statute it was the duty of the clerk to ascertain whether or not the petition was signed by the required number of registered voters, and, if so, to certify that fact to the common council, in which case the common council was required either to pass the proposed ordinance without alteration or to submit the same to the electorate at a special election to be held at a date not more than thirty days from the date on which it was called. In that case it was held that the action of the city clerk in determining that the petition was signed by the requisite number of voters was purely ministerial in character and that his determination of the question was binding upon the common council in the absence of mistake, bad faith or fraud. The duty of the common council was held to be mandatory and its performance

was enforced. Other cases involving petitions invoking the operation of the recall and referendum are instructive as bearing on this question, and are more or less in point. *Conn* v. *City Council* (1911), 17 Cal. App. 705, 121 Pac. 714; *Good* v. *Common Council* (1907), 5 Cal. App. 265, 90 Pac. 44; *Davenport* v. *City of Los Angeles* (1905), 146 Cal. 508, 80 Pac. 684; *State, ex rel.* v. *Seattle* (1910), 59 Wash. 68, 109 Pac. 309; *State, ex rel.* v. *Houston* (1913), 94 Neb. 445, 143 N. W. 796, 50 L. R. A. (N. S.) 227; note, Ann. Cas. 1916B 826, §9.

If the statute under consideration here had required the auditor of the county to ascertain whether the petition was signed by the requisite number of qualified voters, and, if so, to certify that fact to the board of commissioners, it would hardly be contended that his action on the question was other than ministerial. The character of the act is not different because the board of commissioners is required to determine the fact as a preliminary step to ordering the election. As the action of the board in determining the facts in which its duty to call the election depended was not judicial, no appeal could be taken under §6021 Burns 1914, *supra*. Being a ministerial act, and no appeal being specially provided by the act, no appeal lies.

The attention of the court is called to the cases of *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349, Ann. Cas. 1915C 325; *Galvin* v. *Logan* (1914), 182 Ind. 647, 106 N. E. 871, and *Galvin* v. *Taylor* (1915), 184 Ind. 736, 112 N. E. 513. The decision in this case is not in conflict with cases cited. In those cases the action of the board, under §8322 Burns 1914, *supra*, in declaring the result of the election, was held to be judicial in character, but as this section was construed the action of the board thereunder involved the hearing and determination of proceedings in the nature of an elec-

tion contest. As §8318, *supra*, is construed in this opinion, the sufficiency of the petition is to be determined by the board in a summary way without any hearing or other adversary proceeding.

This court is of the opinion that the board of commissioners did not act judicially in passing on the sufficiency of the petition, that no right of appeal

4. existed, and that the Gibson Circuit Court acquired no jurisdiction by the attempted appeal. The circuit court should have dismissed the appeal for want of jurisdiction. Where a court enters a judgment which is void for want of jurisdiction in the court rendering it, an appeal lies for the purpose of setting aside such void judgment, and the court on appeal acquires jurisdiction for such purpose only. *Palmer, Admr.,* v. *Fuller* (1864), 22 Ind. 115; *Dyer* v. *Board* (1882), 84 Ind. 542; *Jay* v. *O'Donnell, supra.*

The judgment of the Gibson Circuit Court is reversed, with directions to set aside its judgment and to dismiss the appeal.

NOTE.—Reported in 118 N. E. 816. Appeal, administrative or ministerial actions, questions reviewable, 2 Cyc 538, 3 C. J. 372; jurisdiction of appellate court to try cause *de novo* where lower court was without jurisdiction, Ann. Cas. 1913C 120, 2 Cyc 537.