CINCINNATI, INDIANAPOLIS AND WESTERN RAILROAD
COMPANY ET AL. *v.* BOARD OF PUBLIC WORKS
OF THE CITY OF INDIANAPOLIS ET AL.

[No. 23,142. Filed March 12, 1918.]

1.  APPEAL.—*Railroad Elevation.—Judgment of Reviewing Court. —Statutes.*—The procedure authorized by the act relative to the elevation of railroad tracks is special in character, and since §4 (Acts 1905 p. 144, §8867 Burns 1914) expressly denies the right of appeal from the judgment of a superior court, which acts as a reviewing court on an appeal from the board of public works, the Supreme Court has no jurisdiction over an attempted appeal from such judgment. p. 237.

2. APPEAL.—*Right of Appeal.—Special Proceedings.*—The general right of appeal from final judgments does not obtain in special proceedings unless that right is expressly granted. p. 237.

From Marion Superior Court (92,782) ; *W. W. Thornton, Linn D. Hay, Vincent G. Clifford, John J. Rochford* and *Theophilus J. Moll,* Judges.

Proceedings for elevation of railroad tracks. From a judgment of the superior court, sitting as a court of review, affirming the finding and judgment of the board of public works, the Cincinnati, Indianapolis and Western Railroad Company and another appeal adversely to the board of public works, the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, and the Indianapolis Union Railway Company. *Appeal dismissed.*

*J. W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellants.

*Baker & Daniels* and *Pickens & Pickens,* for appellees.

SPENCER, C. J.—On October 24, 1913, the board of public works of the city of Indianapolis adopted a resolution relative to the elevation of certain railroad tracks over LaSalle street in said city. Within fifteen days thereafter appellants duly perfected an appeal from the action of the board to the Superior Court of Marion county, sitting as a court of review in accordance with the provisions of §8867 Burns 1914, Acts 1905 p. 144. That statute provides that "upon such appeal being taken all parties shall be deemed bound thereby, and said court, all the judges thereof sitting, may modify or confirm the order of said board in whole or in part, and the finding and judgment of such court shall be final and binding on all parties and no appeal shall lie therefrom."

A trial of the issues presented by the appeal to the

NOVEMBER TERM, 1917.          237

Cincinnati, etc., R. Co. *v.* Board of Public Works—187 Ind. 235.

superior court resulted in a finding and judgment that the action of the board of public works should be in all things affirmed. It is from that judgment that the present appeal is sought to be prosecuted, for the purpose, in part, of establishing appellants' contention that the statute above referred to is unconstitutional and void in so far as it denies to an interested party litigant the right to appeal from an adverse decision of the superior court.

The procedure authorized by the track elevation law is special in character, and the rule is well settled that the general right of appeal from final judicial

1. judgments does not obtain in special proceedings. Unless that right is expressly granted, no appeal lies from any decision of the board or

2. tribunal conducting such proceedings. *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 384, 103 N. E. 10; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 511, 88 N. E. 949. Under the statute in question, the right to appeal from the decision of the court of review is expressly denied, and that fact leaves appellants without a foundation for the present proceeding and renders this court without jurisdiction over the attempted appeal. *City of Indianapolis* v. *Hawkins, supra,* 385.

Some reliance is placed on the rule, for which authority may be found: "That where an order of a court assuming to act under the special jurisdiction conferred by a statute goes beyond the scope of the court's limited authority, an appeal lies, so far as the order is unauthorized, although the statute makes no provision for an appeal or excludes an appeal." 3 C. J. 326, §42. Without determining the applicability of that rule in this jurisdiction under proper circumstances, it is enough to note that in the present case the order of the Marion Superior Court does not exceed the jurisdiction conferred

on it by the statute, and, under the decisions of this court above cited, and others of similar import, we are required to dismiss the appeal.    It is so ordered.

NOTE.—Reported in 118 N. E. 957.