## State Board of Health, etc., *v.* Ort, Township Trustee.

[No. 12,211. Filed March 12, 1926.]

1. APPEAL.—*No appeal from ministerial action of administrative board unless specifically given by statute.*—There can be no appeal from the ministerial action of an administrative board unless the right of appeal is specifically given by statute. p. 262.

2. HEALTH.—*Appeal may be taken from order of State Board of Health that school building shall not be used until lighting conditions are remedied, where that will require changes in building.*—Section 8157 Burns 1926 authorizes an appeal from any decision of the State Board of Health involving the "building, changing or condemnation" of any school building and, therefore, authorized an appeal from an order that a school building should not be used until conditions in regard to lighting had been remedied where that could only be done by making "changes" in the building. p. 263.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Appeal by Arthur D. Ort, township trustee, to the St. Joseph Circuit Court from an order of the State Board of Health in relation to a schoolhouse. From the judgment rendered in the St. Joseph Superior Court after a change of venue, the board appeals. *Affirmed.* By the court in banc.

*Arthur L. Gilliom,* Attorney-General, *U. S. Lesh* and *Chester R. Montgomery,* for appellants.

*W. S. Carlisle* and *Parker, Crabill, Crumpacker & May,* for appellee.

REMY, J.—Before the State Board of Health, in a proceeding entitled, "In the Matter of the Condemnation of Public School Buildings and Premises in School District No. 1, Greene Township, St. Joseph County," the board, having heard the evidence, found as to the condition of the building and premises the following facts: Site not well drained; no walks leading to schoolhouse or outside privies; foundation and brick walls of school building cracked and crumbling; single roof leaks; window frames and sash in bad condition; seats stationary, old and dilapidated; no cloak room provided; door opens inwardly; schoolroom cross-lighted and light area of schoolroom insufficient. There were other conditions of the buildings and premises which were found to exist, but for the purposes of this opinion it is unnecessary to set them out.

Upon its finding, the board made and caused to be entered upon its records the following decision and order: "The State Board of Health hereby finds that, by reason of the above conditions, said schoolhouse and premises are unfit for use as a school; that the schoolhouse and school premises are insanitary and in an insanitary, unsafe and dangerous condition. * * * Wherefore the State Board of Health * * * hereby condemns said schoolhouse * * * and orders and directs that said schoolhouse * * * shall not be used for school purposes after May 1, 1924, unless and until the above insanitary conditions shall have been remedied."

Seven other proceedings, each similarly entitled, except as to the number of the school district, were heard at the same time, and there was substantially the same

decision and order as to each of the seven school buildings as was made in reference to School District No. 1. From these several orders, the township trustee, appellee herein, appealed to the St. Joseph Circuit Court. The appeal was by complaint averring the facts as to the proceedings had before, and the finding and order of, the State Board of Health as to each of the eight schoolhouses; that the order in each instance was contrary to the evidence, and asked that the several orders be set aside. To the complaint, the State Board of Health appeared and filed answer in denial. On a trial in the St. Joseph Superior Court, to which court the venue had been changed, the appeal was sustained, and the eight several orders of the State Board of Health were each set aside. Motion for a new trial on the grounds that the decision is contrary to law and is not sustained by sufficient evidence was overruled, and the ruling of the court is the one error assigned on this appeal.

The important question for our consideration is the right of a township trustee to appeal to the circuit court from an order of the State Board of Health, in a case where the facts are as shown by the record in this cause. It is contended by appellant that the appeal of the trustee to the circuit court is without authority of law.

It is a well-settled principle, conceded by appellant, that there can be no appeal from a ministerial action of an administrative board, unless the right of appeal is specifically given by statute. *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816. It is provided by §8122 Burns 1926, that the State Board of Health shall have power "to condemn and abate conditions causative of disease"; and from a decision of the board under that act no appeal was provided; but the 1919 session of the General Assembly enacted a statute (Acts 1919 p. 471, §8157 Burns 1926) which specifically

provides: "That an appeal shall hereafter lie from all decisions of the State Board of Health of Indiana, in any matter involving the  *  *  *  *changing or condemnation* of any school building in the state of Indiana." (Our italics.)   Further provisions of the act are as to the procedure, and that the appeal shall be to the circuit court, and that final appeal may be taken to any court of last resort in the state.

Appellant points out that the several orders stipulate that the buildings shall not be used after a certain date "until the above insanitary condition shall have been remedied," and argues that they are orders condemning conditions "causative of disease"; that they are not orders which in any way condemn the buildings; do not come within the act of 1919, *supra;* and that, therefore, the appeal is unauthorized.   It may be as suggested that the order was intended by the board to condemn only such condition in each building as would cause disease.   It may be, for example, that the order in reference to the lighting was intended by the board to abate a condition which caused eye trouble among the pupils; but if the orders, as they affect the lighting, are carried out, then, to say nothing as to the other matters, the school building must to some extent be remodeled.   We hold that the orders of the State Board of Health as to the schoolhouses referred to are orders which involve the "changing" of the buildings, within the meaning of the act of 1919, *supra,* and that the appeal to the circuit court was authorized.

Not only was much evidence submitted to the trial court as to the condition of the school buildings, but, as shown by the record, the judge of the trial court made a personal inspection of the buildings and premises. There is competent evidence to sustain the decision.

Affirmed.