TOWN OF SPEEDWAY *v.* JOHN NILSON.

[No. 2-378A87. Filed October 30, 1979.]

*Henry C. Ryder, Daniel D. Johns, Roberts, Ryder, Rogers & Neighbours*, of Indianapolis, for appellant.

*Thomas A. Deal, Barteau and Deal*, of Speedway, for appellee.

MILLER, P.J.—On July 9, 1976, Officer Nilson was suspended from the Town of Speedway Police Force without pay for a period of thirty days (from July 6, 1976 to August 5, 1976), pursuant to a ruling of the Board of Police Commissioners. Nilson was found guilty after a hearing held on July 9, 1976 of neglect of duty and insubordination to his ranking officer. Nilson appealed the suspension to the Marion Superior Court. The trial court overruled Speedway's Motion to Dismiss which alleged failure to state a claim upon which relief could be granted and lack of subject matter jurisdiction and reversed the Board's decision. It ordered Nilson be credited for the thirty days suspension, be reimbursed for that period and his personal record be expunged of all references of the suspension. Speedway appeals from this judgment, claiming the following: (1) since Nilson was suspended for a period not in excess of thirty days, he had no right to appeal under the provisions of IND. CODE 19-1-25-1 which permits appeals when the suspension of a town police officer exceeds thirty days; and (2) the evidence before the police board was sufficient to support the suspension. Because of our decision on the first issue, the second need not be discussed. We reverse.

DECISION:

The Speedway Board of Police Commissioners was created in accordance with IND. CODE 19-1-25-1 which provides for the establishment of town boards of police commissioners and its authority to discipline police officers for cause is granted in IND. CODE 19-1-25-2, which provides in pertinent part:

"Such commissioners shall have the power for cause assigned on a public hearing and on due notice according to the rules to be promulgated by them to remove or suspend from office, or for a definite period, deprive of pay any member or officer of the police force: Provided, however, *That any member of such police force who shall be dismissed or suspended herefrom for any period in excess of thirty [30] days shall have the right to appeal* to the circuit or superior court of the county in which such town is located from such decision of dismissal or suspension by said board, all as provided in chapter 282 [IND. CODE 18-1-11-3] of the Acts of 1935 of the General Assembly of the State of Indiana. . . ."

(Our emphasis.)

Nilson contends the following provisions of IND. CODE 18-1-11-3,[1] then in effect, is controlling in this case:

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or *is suspended therefrom for any period in excess of ten [10] days* shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision. . . ."

(Our emphasis.)

Prior to 1971 this section allowed for judicial review of suspensions

---

1. The applicability of IND. CODE 18-1-11-3 to Speedway Officers is brought about by its incorporation by reference into IND. CODE 19-1-25-2, as can be seen above. IND. CODE 18-1-11-3, "Disciplining firemen and policemen—Appeals" was originally enacted in 1935. It "appears to provide guidance for disciplining firemen and policemen for Cities of the First (now amended to exclude consolidated first class cities) through Fifth classes" *Town of Speedway v. Harris* (1976), 169 Ind. App. 100, 346 N.E.2d 646, 651 fn. 12; (See also: IND. CODE 18-1-11-1,2.) IND. CODE 18-1-11-3 is a statute of general use which specifically sets forth the procedural aspects of disciplinary actions and appeals. It was also amended in 1977 to permit an appeal from a reduction in grade.

greater than thirty days. Thus, Nilson argues that the reference in IND. CODE 19-1-25-2 to IND. CODE 18-1-11-3 incorporates not only the procedural appellate provisions, but also the substantive right of judicial review including the "in excess of ten days" provision in the 1971 amendment.

Speedway contends that (1) IND. CODE 19-1-25-2 restricts appeals to "in excess of thirty days" and (2) since Nilson was suspended for a period of exactly thirty days, he was precluded by statute from seeking judicial review of his suspension.

> Incorporation by reference, as used in the statute pertinent to the instant case, is a valid legislative technique.

"It is well settled that one statute may adopt another, by specific and descriptive reference thereto, and the effect is the same as if the adopted statute had been written into the adopting one, but when so adopted, only so much of the adopted act is in force as is applicable thereto." *Indiana Alcoholic Beverage Commission v. Baker* (1972), 153 Ind.App. 118, 286 N.E.2d 174, 182.

The question here is not whether portions of IND. CODE 18-1-11-3 have been incorporated in IND. CODE 19-1-25-2 but, rather, which provisions have been so incorporated.

We first note that some or all of the provisions and rights of IND. CODE 18-1-11-3 have been incorporated into statutes dealing with cities of differing sizes in various manners:[2]

1. IND. CODE 19-1-3-2, pertaining to cities of the fifth class and the suspension of firemen and policemen incorporates IND. CODE 18-1-11-3 as a whole including amendments as follows:

"The notice, hearing and right of review provided for by this act [IND. CODE 19-1-3-1, 2] shall, to the extent applicable and subject to the same conditions and limitations, comply with the notice, hearing and review provided for by section 1 of an act entitled "An Act to amend section 1 of an act entitled 'An act to amend section 160

---

2. As noted in *State ex rel. Todd v. Hatcher* (1973), 158 Ind. App. 144, 301 N.E.2d 766, 772, the fact that firemen and policemen of cities of differing sizes are treated differently does not constitute a violation of equal protection: "The law treats equally all cities which fall within its well defined scope. . . ." *See also Gansert v. Meeks* (1979), 179 Ind.App. 209, 384 N.E.2d 1140.

of an act entitled "An act concerning municipal corporation," approved March 6, 1905, and declaring an emergency,' approved March 1, 1933," approved March 12 1935 [IND. CODE 18-1-11-3]. For the purposes of this act said act and all acts amendatory thereof or supplemental thereto are hereby incorporated in this act by reference."

2. IND. CODE 19-1-31.5-17, dealing with second-class cities located in a county with a population between 160,000 and 180,000 also incorporates IND. CODE 18-1-11-3 including amendments, as follows:

"Dismissals, suspensions and punishments — Political campaigning — Retirement age. — (a) Dismissals, suspensions and punishments of members of the police department shall be by the commission and shall be for cause, except as herein otherwise provided, and under the same rules of procedure including the right of appeal as are now or may hereafter be provided by laws pertaining thereto for the cities included in the classification of this chapter [IND. CODE 19-1-31.5-1 — 19-1-31.5-23]; except that wherever in such laws, reference is made to commissioners of public safety, board of public works and safety, board of metropolitan police commissioners, board of metropolitan police and fire department, or board, it shall be construed, for the purposes of this chapter, to refer to the commission created by this chapter. . . ."

3. IND. CODE 19-1-29.5-24, a 1971 Act concerning second-class cities located in counties with a population between 110,000 and 125,000, also incorporates the rules of procedure and right of appeal provisions in IND. CODE 18-1-11-3 but restricts the right of appeal to a suspension in excess of ten days which is consistent with the present provisions of IND. CODE 18-1-11-3:

"Dismissals, suspensions for more than ten [10] days and punishments of members of the police department shall be by the commission and shall be for the causes, except as herein otherwise provided, and under the same rules of procedure including the right of appeal as are now or may hereafter be provided by laws pertaining thereto for the cities included in the classification of this chapter [IND. CODE 19-1-29.5-1 — 19-1-29.5-29]; except that whenever in such laws, reference is made to commissioners of public safety, board of public works and safety, board of metropolitan police commissioners, board of metropolitan police and fire department, or board, it shall be construed, for the purposes of this chapter, to refer to the commission in lieu thereof."

4.   IND. CODE 19-1-34-1, a 1911 Act, last amended in 1941, pertaining to cities with a population from 10,000 to 35,000 which maintain a metropolitan police force, also, as in the case before us, restricts appeals to suspensions in excess of thirty days, as follows:

> "Any member of such police force shall be dismissed or suspended therefrom for any period in excess of thirty [30] days shall have the right to appeal to the circuit or superior court of the county in which such city is located from such decision of dismissal, or suspension by said board, all as provided in chapter 282 [IND. CODE 18-1-11-3], page 1395, of the Acts of 1935 of the General Assembly of the state of Indiana. . . ."

It is apparent from the foregoing examples that our Legislature has utilized a variety of means and differing language by which to apply the provisions of IND. CODE 18-1-11-3 to cities of various sizes and to towns.

There is a "strong presumption that the legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject." *Economy Oil Corporation v. Indiana Department of State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215. Applying this principle to the case at hand, we believe the Legislature would have amended the suspension provision in the statute in question from thirty to ten days had it deemed such action to be appropriate.

Additionally IND. CODE 19-1-25-2 is a statute dealing specifically with town police officers while IND. CODE 18-1-11-3 is general in its application.

"Similarly, where one statute deals with a subject in general terms and another statute deals with a part of the same subject in a more detailed or specific manner, then the two should be harmonized, if possible; but if they are in irreconcilable conflict then the more detailed will prevail as to the subject matter it covers. (Citation omitted)." *Economy Oil Corporation v. Indiana Department of State Revenue, supra.* at p. 218. *Indiana Waste Systems, Inc. v. Board of Commissioners of the County of Howard* (1979), 180 Ind. App. 385, 389 N.E.2d 52.

By reason of the above, we find the trial court committed error by denying Speedway's Motion to Dismiss for failure to state a claim upon which relief could be granted. Nilson did not have the right to appeal

the suspension since it was not for a period in excess of thirty days and the thirty-days suspension did not fall within the scope of reviewable board decisions as defined in IND. CODE 19-1-25-2.

The judgment is reversed.

Chipman, J. concurs; Young, J. concurs.

NOTE—Reported at 395 N.E.2d 1292.