Paul GERHARDT, Clyde Carlile, Appellants (Plaintiffs Below),

v.

CITY OF EVANSVILLE, David Graham, Dan Worden, John Lahanis, Members of the Police Civil Service Commission of the City of Evansville, Indiana, Appellees (Defendants Below).

No. 1–779A207.

Court of Appeals of Indiana, Fourth District.

Aug. 26, 1980.

Roy A. Tyler, Tyler, Carithers & Brinson, Evansville, for appellants.

Thomas P. Norton, Evansville, for appellees.

YOUNG, Presiding Judge.

Paul Gerhardt and Clyde Carlile were members of the Evansville Police Department. They were suspended for five days without pay. Their suspensions were reduced from five days to three days without pay by the Police Merit Commission of the City of Evansville.

Gerhardt and Carlile sought judicial review of the suspensions in the Superior Court of Vanderburgh County. The trial court dismissed the case on the belief that it lacked subject matter jurisdiction. The trial court found that it had no jurisdiction to hear such appeal relying on IC 18–1–11–3. This statute permits an appeal only where the suspension of a police officer is for more than ten days. The trial court held that the ten day limitation was constitutional and dismissed their complaint.

We reverse.

The issue here is whether the appellants are entitled to judicial review of the action of the Police Civil Service Commission of the City of Evansville suspending them for three days.

The Indiana statute in question reads in part, as follows:

Any member of such fire or police force who is dismissed from such force, as aforesaid, or *is suspended therefrom for any period in excess of ten [10] days* or reduced in grade shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension or reduction in grade by said board, but shall not have the right of appeal from any other decision.

IC 18–1–11–3(b) [Emphasis added.] Gerhardt and Carlile assert that to allow suspensions for a period of up to ten days without right to appeal and judicial review violates their constitutional rights to due process.

We agree.

Historically, there was no right of appeal from a ministerial act of an administrative board unless such right was specifically given by the statute. See *Cushman v. Hussey* (1918) 187 Ind. 228, 118 N.E. 816; *State Board of Health, etc. v. Ort, Township Trustee* (1926) 84 Ind.App. 260, 151 N.E. 31.

It was further held that the right of appeal from administrative boards applied only to decisions involving the exercise of judicial power. See *Financial Aid Corp. v. Wallace, Dir. of the Dept. of Financial Inst., et al.* (1939) 216 Ind. 114, 23 N.E.2d 472, 125 A.L.R. 736; *Board of Commissioners of Dearborn County v. Droege et al.* (1946) 224 Ind. 446, 68

N.E.2d 650; *Hall et al. v. Kincaid et al.* (1917) 64 Ind.App. 103, 115 N.E. 361.

It was previously held that where the special statutes regulating procedure before administrative boards failed to provide for appellate review of the findings of the Court which reviewed the orders of administrative board, such appellate review could not be taken. See *Cincinnati I. & W. R. Co. et al. v. Board of Public Works of the City of Indianapolis et al.,* 187 Ind. 235, 118 N.E. 957; *Luten v. Schmidt et al.* (1928) 88 Ind.App. 134, 163 N.E. 536; *Stockton et al. v. Yeoman et al.* (1912) 179 Ind. 61, 100 N.E. 2; *Hughes et al. v. Parker et al.* (1897) 148 Ind. 692, 48 N.E. 243; *Randolph v. City of Indianapolis et al.* (1909) 172 Ind. 510, 88 N.E. 949; *Brown et al. v. Porter* (1871) 37 Ind. 206.

The rule as set out in the foregoing cases is no longer valid since the holding of our Supreme Court in the case of *Warren v. Indiana Telephone Co.* In that case, the Supreme Court stated that even when the legislature has not provided for an appeal to the Supreme Court, such right exists under constitutional authority. See *Warren v. Indiana Telephone Company* (1940) 217 Ind. 93, 26 N.E.2d 399; *Joseph E. Seagram and Sons, Inc. v. Board of Commissioners of Lawrenceburg Flood Control District* (1943) 220 Ind. 604, 45 N.E.2d 491; *Public Service Commission of Indiana et al., Indianapolis Water Co. v. City of Indianapolis* (1956) 235 Ind. 70, 83, 131 N.E.2d 308.

The same rule applied in those instances in which the statute prohibits an appeal or declares that the judgment of the nisi prius court is to be final.

.     .     .     .     .

We believe that the law is well established that there is no statutory provision for an appellate review of the findings, order, or decisions arising out of a trial court's review of the orders or decisions of administrative boards, or appeals in the usual sense. However, we find such authority under the due process clause of our constitution and its interpretation by our Supreme Court in the cases of *Warren v. Indiana Telephone Company,* su-

pra, and *Joseph E. Seagram and Sons, Inc. v. Board of Commissioners,* supra.

In the *Warren* case, supra, 217 Ind. at page 105, 26 N.E.2d at page 404 our Supreme Court stated:

Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review, and that they must be so to meet the requirements of due process. Such a review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers * * *

See also: *State Board of Tax Commissioners et al. v. Indpls. Lodge No. 17, Loyal Order of Moose, Inc.* (1964) 245 Ind. 614, 625, 200 N.E.2d 221; *State ex rel. Harris et al. v. Superior Court of Marion County et al.* (1964) 245 Ind. 339, 356, 197 N.E.2d 634; *Mills v. City of Winchester [Castor v. City of Winchester]* (1959) 130 Ind.App. 397, 400, 162 N.E.2d 97.

*Indiana Alcoholic Beverage Commission v. Biltz,* (1968) 142 Ind.App. 418, 235 N.E.2d 79, 81–82. [Emphasis omitted.]

■ *Warren* and its progeny have held that the availability of judicial review of administrative decisions is a constitutional due process requirement. *See e. g. Murphy v. Indiana Parole Board,* (1979) Ind., 397 N.E.2d 259, 261; *Indiana Education Employment Relations Board v. Benton Community School Corp.,* (1977) 266 Ind. 491, 365 N.E.2d 752, 760; *City of Washington v. Boger,* (1961) 132 Ind.App. 192, 176 N.E.2d 484. An individual is entitled to judicial review of administrative action taken by a board, commission or governmental corporation notwithstanding the failure of the legislature to so provide. *Dortch v. Lugar,* (1971) 255 Ind. 545, 266 N.E.2d 25, 47–48; *Mann v. City of Terre Haute,* (1960) 240 Ind. 245, 163 N.E.2d 577; *State ex rel. City of Marion v. Grant Circuit Court,* (1959) 239 Ind. 315, 157 N.E.2d 188.

The City confuses the due process right to notice and an opportunity to be heard based

upon a protected property interest with the due process right to judicial review of administrative action. The City's argument is that the appellants do not have a sufficient interest in their employment and therefore cannot challenge the constitutionality of the statute.[1] Regardless of whether they actually have a protected property interest in their employment, the appellants here are denied the opportunity to have the trial court determine whether the Commission has acted according to the law and within its power if there is no review of the Commission's action.

Appellants contend that the decision of the Commission denied them constitutional safeguards. They also allege the hearing was illegal in its procedure and scope. They sought and were denied review in the trial court.

 The review of the trial court is not that of a "super" police commission. It reviews only to determine that the commission has acted according to the law and within its power. *Murphy v. Indiana Parole Board, supra* 397 N.E.2d at 261; *City of Washington v. Boger, supra* 132 Ind.App. 192, 176 N.E.2d at 488–89. To deny review precludes a determination of whether the Commission acted within the scope of its power and according to the law. For example, if there is in fact no protected property interest, no hearing or notice is required by the constitution. However, if there is a protected property interest and the proceedings before the commission did not, if fact, comply with the requirements of due process, appellants are entitled to some sort of relief.

Since the existence of a property interest sufficient to invoke constitutional protection is at least in part, a question of fact, we must remand to the trial court. A protected property interest may arise from a statute, ordinance or contract. *Morris v. City of Kokomo,* (1978) Ind.App., 381 N.E.2d 510. It can also be created by an

implied contract, a kind of de facto interest. *Bishop v. Wood,* (1976) 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684; *Perry v. Sindermann,* (1972) 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570. As this case was dismissed before any evidence was taken, we must remand. Also, there may be procedural irregularities or questions about the scope of the Commission's power resolved by judicial review.

Reversed and remanded for proceedings consistent with this opinion.

CHIPMAN and MILLER, JJ., concur.

---

1. The City cites *Town of Speedway v. Nilson,* (1979) Ind.App., 395 N.E.2d 1292 in support of its argument. In *Town of Speedway* the officer appealed on the basis of the statute. He apparently did not proceed under the theory or argue

that he had a constitutional right to review. The Town of Speedway argued and this court held that there was no right to appeal under the statute. *Id.* at 1293, 1296.