Paul GERHARDT, Clyde Carlile, Appellants (Plaintiffs Below),

v.

CITY OF EVANSVILLE, David Graham, Dan Worden, John Lahanis, Members of the Police Civil Service Commission of the City of Evansville, Indiana, Appellees (Defendants Below).

No. 1–799A207.

Court of Appeals of Indiana, Fourth District.

Feb. 4, 1981.

Roy A. Tyler, Tyler, Carithers & Brinson, Evansville, for appellants.

John G. Bunner, Law Department of the City of Evansville, Evansville, for appellees.

## ON PETITION FOR REHEARING

YOUNG, Presiding Judge.

The City of Evansville petitions this court to rehear our decision entered August 26, 1980, found at 408 N.E.2d 1308. They represent that we erred in our decision contravening a precedent of the Indiana Supreme Court, *Dortch v. Lugar*, (1971) 255 Ind. 545, 266 N.E.2d 25, and created a conflict with the opinion of the Indiana Court of Appeals, Third District, *State ex rel. Dunlap v. Cross*, (1980) Ind.App., 403 N.E.2d 885.

We deny the petition.

■ The portion of *Dortch* we are said to contravene is as follows:

> We are unaware of any constitutional provision guaranteeing the right to be a police officer or to be a police officer free from disciplinary action. It is our considered opinion that the disciplinary procedures provided for by the Act respecting the discipline of members of the consolidated police force are eminently reasonable and beyond constitutional attack.

266 N.E.2d at 46. We did not contravene *Dortch.* We did not guarantee the right to be a police officer or the right to be a police officer free from disciplinary action. Nor did we find the procedures to be unreasonable. In light of existing supreme court authority, (even in *Dortch*, 266 N.E.2d at 47–48) we allowed the disciplined officer judicial review in order to assure that the

reasonable procedures were followed, the disciplinary action was within the scope of the disciplinary agency's powers and it acted according to law. 408 N.E.2d at 1310–11.[1]

■ The City also asserts that we are in conflict with *Dunlap*. To the extent that *Dunlap* holds there is no *statutory* right to review of suspensions not in excess of ten days, we agree. 408 N.E.2d at 1311 n. 1. However, we differ in the conclusion that no constitutional right to review suspensions not in excess of ten days exists. *Dunlap* reasons that because there is no statutory right to appeal there is no property interest. From there *Dunlap* concludes that there is no constitutional right to judicial review. We are of the opinion that the lack of a property interest does not lead to the conclusion that there is no right to judicial review. For example, in *Murphy v. Indiana Parole Board*, (1979) Ind., 397 N.E.2d 259, the Indiana Supreme Court, in the face of a statute which stated there is no appeal from any matter concerning parole and determining there was no protected life, liberty or property interest in parole release, nevertheless held "Due Process requires that judicial review be available to insure that the requirements of Due Process have been met and that the Parole Board has acted within the scope of its powers. *Cf. Warren v. Indiana Telephone Co.*, (1939) 217 Ind. 93, 105, 26 N.E.2d 399." We adhere to the line of reasoning developed by the Indiana Supreme Court beginning with *Warren v. Indiana Telephone* through *Murphy*. The review is dependent upon agency action and not the existence of a protected property interest as in the case of the right to notice and opportunity to be heard. Review is to insure that the requirements of due process have been met, the action is within the scope of authority and the action is accord-

---

1. In *Dortch* the outline of the disciplinary procedure makes no reference to the lack of judicial review for suspensions of less than ten days.

    Also, in 4 McQuillin, Municipal Corporations § 12.230b (1968), quoted in *Dortch* at 46 and *Dunlap* at 888, it is written that regulation of police officer discipline is left to local law in terms of hearings, cause and notice. We do not take issue with this. We only permit, consistent with precedent in this state, judicial review to assure discipline is conducted as required by law and within the scope of the power given the agency.

ing to law. Judicial review does not enlarge any protected interests or grant due process rights where they do not otherwise exist.

The City's petition for rehearing is denied.

CHIPMAN and MILLER, JJ., concur.