IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1840, IN THE TWENTY-
FOURTH YEAR OF THE STATE.

---

GIVAN *v.* DOE, on the Demise of .CRAWFORD and Others.

A sheriff sold certain real estate on execution to *B.*, who failed to pay the
purchase-money. A few days afterwards, without having adjourned the
sale, and without advertising it again, the sheriff re-exposed the proper-
ty to sale, and sold it to *C.* who had notice of the facts. *Held,* that the
sale to *C.* was void.

*Tuesday,*
*May 26.*

APPEAL from the *Hendricks* Circuit Court.

SULLIVAN, J.—This was an ejectment to recover certain
lots of ground in the town of *Danville*, in the county of
*Hendricks*. On the trial, the plaintiff relied for title on a
purchase made at a sheriff's sale. A regular judgment and
execution against the plaintiff in error were produced on
the trial, and a deed from the sheriff to the lessors of the
plaintiff as purchasers of the land in controversy. From
the return to the writ, and from the testimony of the sheriff
and other witnesses, it appears that the lots were advertised
by the sheriff to be sold on the 25th of *June*, 1839; that they
were bid off by one *James L. Givan*, who failed to pay the

purchase-money; that on the 28th of the same month, they were re-exposed to sale by the sheriff, and the lessors of the plaintiff became the purchasers. It appears that there was no adjournment of the sale from the 25th to the 28th of the month, nor was there any public notice given of the sale on the 28th. It furthermore appears, that the purchasers at the second sale were fully informed of the foregoing facts; and that the second sale was made in pursuance of an understanding between the sheriff and the lessors of the plaintiff, that if he would expose the property to sale, they would purchase. On this testimony there was a verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

During the progress of the trial, exceptions were taken to the opinion of the Court admitting certain testimony objected to by the defendant, and refusing to give certain instructions to the jury asked by the defendant. The bills of exceptions present two questions for our consideration: 1. Was the sale in accordance with the statute? 2. If it was not, were the lessors of the plaintiff innocent, *bona fide* purchasers?

The statute provides, (Act of *February*, 1833, R. Stat. 1838, p. 286, 7,) that whenever any property, real or personal, shall be sold by virtue of any execution, and the purchaser thereof shall neglect or refuse to pay the purchase-money, the officer making such sale may re-expose the property to sale on the same or a subsequent day, &c. It is contended, that in all cases arising under this statute, where property is re-exposed to sale, the officer is not required to give notice of the time and place of such second sale. We think the statute may and should receive a construction less dangerous in its consequences, and better calculated to protect the interests of all concerned. Where a purchaser neglects or refuses to pay the purchase-money, the officer may immediately re-expose the property to sale; and it may be, (though on that point we are not now called on to express an opinion,) if he should not have sufficient time on that day to sell, he may adjourn the sale until the next or some succeeding day; but if there be no such adjournment, we think he should again advertise the property for

sale, and proceed in all respects as though there had been no previous attempt to sell. This construction is necessary, we think, to prevent abuse and oppression. According to this view of the statute, the sheriff sold the property now in controversy, without giving any notice whatever of the time and place of sale.

The next question is, how does that fact, connected with the other circumstances of the case, affect the purchasers?

It is in the general true, that a *bona fide* purchaser of property at a sheriff's sale, is not affected by any error or irregularity in the judgment or execution, nor by any irregularity or omission of the sheriff in advertising and conducting the sale. He is protected by the presumption, that the judgment of a competent Court of record has been correctly rendered, and that the execution in the hands of the officer has been regularly issued. He may also fairly presume that the sheriff, in the discharge of his duties, has acted according to law. But if he, by colluding with the officer, encourage a departure from duty to aggrandize himself, he ceases to be innocent. He becomes *particeps criminis* with the officer, and the law affords him no protection.

In the present case, the lessors of the plaintiff knew that the purchaser at the first sale refused to pay the purchase-money, and that the sale had not been adjourned to a subsequent day, yet they procured the sheriff to re-expose the property, and sell without notice, at which sale they became the purchasers. Whether there was competition at the second sale, or indeed whether there was opportunity for competition or not, we do not know. But we are satisfied, that there are in the circumstances of the case those ingredients of fraud, which do vitiate the sale.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, at the costs of the lessors. Cause remanded, &c.

*P. Sweetser, C. Fletcher,* and *C. C. Nave,* for the appellant.
*W. J. Peaslee,* for the appellee.