## PATTEN *v.* STEWART.

SHERIFF'S SALE —NOTICE.—Where after notice has been given of a sale of real estate on execution, the sale is enjoined, it is not proper to give oral notice of an adjournment to another day, and after the dissolution of the injunction to sell without a new publication. In such case the notice required by the statute must be given *de novo.*

APPEAL from the *Vigo* Circuit Court.

FRAZER, J.—Ejectment. There was a special verdict, finding, amongst other things, that the plaintiff had become the purchaser of the lands at sheriff's sale, under a decree of foreclosure in his favor against the defendant, that public notice that the sheriff's sale would take place at &c., on the 13th of *February*, 1864, was given by the sheriff for three weeks in a newspaper of general circulation in the county, and by posting notices in three places in the township where the lands were situated; that on the day thus appointed for the sale, it was forbidden by injunction until *February* 17; that the sheriff, at the instance of *Stewart*, the plaintiff, without offering the property for sale, adjourned the sale until *July* 18, giving no notice thereof except by ringing the court house bell, and stating the adjournment; that on the 17th the injunction was continued in force until the 20th, and on the 18th a similar adjournment of the sale

was made by the sheriff, under the plaintiff's direction, until the 22d, the fact of such adjournment being made known only as before; that on the 22d the lands were sold and the plaintiff became the purchaser, &c. The defendant moved for judgment in his favor upon the verdict, but the motion was overruled and judgment rendered for the plaintiff. A single question is presented for our consideration, and that is as to the sufficiency of the notice of the sale on the 22d of *February*, it being conceded that if it should he held insufficient, the judgment must be reversed.

The notice was clearly insufficient. The statute plainly requires that "the time and place of making sale of real estate on execution shall be publicly advertised by the sheriff for at least twenty days successively next before the day of sale" in a newspaper, and by posting notices, &c. The ringing of bells and making public oral proclamation of the fact four days before the sale is not, either in substance or form, a compliance with this statute; and to give it the sanction of this court would be to open a wide door for abuse and wrong. The fact that an injunction had forbidden the sale on the day for which it was advertised constitutes no reason for relaxing the requirement of the statute, but quite the contrary. Bidders learning of the injunction would have no motive to be present on the 13th, and would not consequently be likely to know of the adjournment. The case of *Givan* v. *Doe*, 5 Blackf. 260, was where the sale had been duly advertised for the 25th of *June*, and on that day the lands were offered and bid off by one who failed to pay the purchase money. In such a case the statute authorized the sheriff to re-expose the property on the same or any subsequent day. Without adjourning the sale, the officer offered the premises again on the 28th, and it was held that a purchaser with notice of the facts took no title. It was said by the court that under such circumstances a failure to give regular notice, if sanctioned, would be likely to result in abuse and oppression, and that the statute "should receive a construction less dangerous in its conse-

quences, and better calculated to protect the interests of all concerned." In the case before us there was not, as in *Givan v. Doe*, an express statute authorizing a sale on a subsequent day, and silent as to notice. Here there is little room for construction, and to sustain the sale we must make an exception which the statute does not make. To do so would, we think, tend in most cases to work hardship and injustice. In *Thornton* v. *Boyden*, 31 Ills. 200, the Supreme Court of *Illinois* held that a special trustee to sell lands, having advertised strictly according to the power given by the deed, could not, on the day fixed, postpone the sale until another day without again giving the regular notice; and declared, *arguendo*, that such is the law as to sheriffs. *Richards* v. *Holmes*, 18 How. 143, was, like the *Illinois* case, a sale by a trustee, and it was held that a sale was good after two adjournments without giving full notice, but the reasoning of the court in that case is by no means satisfactory. It was said there that "a sale regularly adjourned, so as to give notice to all persons present * * * is, when made, in effect, the sale of which previous public notice had been given." This proposition will not bear close examination. If every bidder whose attendance was secured by the original notice was also present at the adjourned sale, it would be substantially true. In effect, though not in fact, the sale would then have been that which was advertised. But the statute, in terms, requires that the sale shall in fact have been advertised in a particular manner, and does not leave the consequences of a violation of it open to inquiry, for the purpose of justifying such violation.

The judgment is reversed, with costs, and the cause remanded, with directions to render judgment for the defendant below.

*J. Baird* and *C. Cruft*, for appellant.

*W. Mack, T. J. Wood* and *S. C. Davis*, for appellee.