Weatherby v. Slape.

---

EMELINE WEATHERBY, EBENEZER SPARKS et al., executors, defendants and appellants,

*v.*

MARIA J. SLAPE, complainant and respondent.

[Filed July 5th, 1899.]

A sheriff having duly advertised a sale of real estate under execution, struck off the property to the highest bidder at the time and place so advertised. Then the purchaser, the parties concerned in the execution and the sheriff went away and the persons assembled at the sale dispersed. About an hour afterwards, the purchaser having refused to comply with the conditions of sale, the sheriff, under instructions from the complainant's solicitor, returned to the place of sale and, shortly before the expiration of the advertised hours of sale, publicly announced that the sale was adjourned for two weeks.—*Held,* that a legal adjournment was not thereby effected.

On appeal from an order advised by Vice-Chancellor Reed.

*Mr. Norman Grey* and *Mr. Samuel H. Richards*, for the appellants.

*Mr. Jonathan W. Acton*, for the respondent.

The opinion of the court was delivered by

DIXON, J.

The object of the bill in this case is to foreclose a mortgage of real estate which secures a bond for $6,315. The obligor, being dead, his executors were made defendants. After decree an execution was issued to the sheriff of Salem county for the sale of the mortgaged premises, and thereupon he advertised that the sale would take place at the county court-house on December 24th, 1898, between the hours of two and five o'clock P. M., to wit, at three o'clock. On the day named, shortly before four o'clock, the sheriff put up the property for sale, and after several other bids the complainant bid $6,800 (her claim amounting to $7,100), and then one of the defendants, the son of the mortgagor, bid $6,850. On that bid the property was struck off to him. According to the conditions of sale, the purchaser should at once have paid or secured ten per cent. of the price, but this the purchaser refused to do, saying he had an agreement with the complainant that she should take a new mortgage for the whole of the bid. On this refusal the sheriff might, no doubt, have immediately put up the property for sale again or have adjourned the sale, but he did neither. On the contrary, he proceeded to sell other property under another execution, and that being finished, he went away about other business, and the crowd of persons attending the sale dispersed, among them one of the executors, who had been present to protect the estate of the obligor as far as possible from a claim for deficiency. In the meantime the solicitor of the complainant and the purchaser went to the house of the complainant to confer with her as to the alleged agreement. She denied it, and the interview, lasting about half an hour, ended without any satisfactory arrangement being made. At the close of this interview the complainant's

solicitor went to find the sheriff, and on meeting him instructed him to adjourn the sale. Accordingly the sheriff, at five minutes before five o'clock, at the court-house, called around him the casual bystanders and publicly announced that he adjourned the sale for two weeks. This announcement was duly advertised in the newspapers, and on January 7th, 1899, the sheriff struck off the property to the complainant for $3,000.

On motion to confirm this sale the executors objected, among other things, that the sheriff had no legal right to make an adjournment when he attempted to do so on December 24th, and that, therefore, the second sale was unlawful, but an order confirming the sale was, notwithstanding this objection, entered. From this the executors appeal.

The power of officers having charge of the sale of land under judicial proceedings to adjourn such sales from time to time is established in this state by statute (*Gen. Stat. p. 2979*), which also prescribes when and how an adjournment, after it takes place, shall be published, but the mode in which such adjournments may legally be effected, is left to be determined on general considerations.

The length of an adjournment rests largely in the discretion of the officer, and unless it be for more than one week no notice of the adjournment, beyond that given by the act of adjourning, need be published; and even for longer adjournments subsequent publication in the newspapers of a statement of the parties to the cause and of the time and place of the adjournment, without any description of the property, is all that the statute requires. It thus appears that the directions of the statute on this point are of themselves quite inadequate to secure reasonable notice of the adjourned sale. The reason for this obviously is because the legislature assumed that the act of adjourning would be performed in such a manner as would preserve and prolong the force of the original advertisement of sale, in which the property to be sold is accurately described. This assumption is justified by the general rule governing the subject.

Mr. Freeman, in his work on "Executions," thus states the rules prevailing in different jurisdictions:

Weatherby v. Slape.

"While the power of officers to adjourn sales is undisputed, the courts have not agreed on the character of the notice which must be given of the time to which the adjournment is made. On the one side, it is insisted that a new notice must be given for the time and in the manner required in the first instance. On the other side, the rule is maintained that the officer may give notice by proclamation, made in the presence and hearing of the persons assembled at the time first fixed for the sale."

New Jersey has adopted the latter doctrine. *Allen* v. *Cole, 1 Stock. 286.*

Manifestly this rule was not complied with in the present case. No proclamation of an adjournment was made in the presence and hearing of the persons assembled at the time fixed for the sale. When proclamation was made those persons had all departed, and they had done so not because they could not be induced to bid upon the property at any price, but because it was evident to them that the sheriff's purpose to sell had been executed. He had struck off the property to a bidder, and the parties directly interested in the sale—the purchaser, the defendants in the suit, the solicitor of the complainant, and the sheriff— had all left the place, as if everything intended to be done had been accomplished. When, in view of these circumstances, the persons who had been brought together by the original advertisement of sale, had gone away, we think it became clear that the force of that advertisement was utterly spent, and therefore the power of the sheriff to effect a legal adjournment by his proclamation was ended. If the property was to be sold again, a re-advertisement *de novo* was necessary. *Givan* v. *Doe, 5 Blackf. 260.*

The order confirming the second sale should be reversed and the sale set aside.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, BOGERT, HENDRICKSON, NIXON—10.

*For affirmance*—LUDLOW—1.