## FALENDER v. ATKINS ET AL.

[No. 23,009. Filed January 31, 1917. Rehearing denied June 29, 1917.]

1. MUNICIPAL CORPORATIONS.—Streets.—Vacation.—Authority.— Delegation by Legislature.—Primarily the legislature has the right to control and vacate public streets, but this jurisdiction, in this State, has been delegated to municipalities or local tribunals. p. 457.

2. MUNICIPAL CORPORATIONS.—Vacation of Street.—Proceedings of Board of Public Works.—Presumption.—In the absence of a contrary showing, it will be assumed that the board of public works complied with the statutes (§8700 et seq. Burns 1914, Acts 1905 p. 219), in a proceeding to vacate a street. p. 457.

3. CONSTITUTIONAL LAW.—Due Process of Law.—Powers of Legislature.—"Due process of law" within the meaning of §1 of the fourteenth amendment of the federal Constitution requires only that provision shall be made for notice in some form and a fair opportunity to be heard before final determination, but it is within the power of the legislature to prescribe the character of the notice and the tribunal before which the hearing may be had. p. 460.

4. CONSTITUTIONAL LAW.—Due Process of Law.—Vacation of Street.—Notice.—Sufficiency.—In determining whether the notice given to a property owner in a proceeding to vacate a street is such as is contemplated by the words "due process of law," the courts may look to the object to be accomplished and the limits within which the hearing provided by law may be confined, and, if the notice given is found suitable or admissible in the particular case under consideration, it will be sufficient to satisfy the requirements of the federal Constitution. p. 460.

5. CONSTITUTIONAL LAW.—Due Process of Law.—Vacation of Streets.— Notice.— Sufficiency.— Statutes. —Validity.—Section 8700 et seq. Burns 1914, Acts 1905 p. 219, relating to the appropriation of property by cities and providing, in a proceeding to vacate a street, for notice, a hearing, an award of damages and a right of appeal, is not violative of §1 of the fourteenth amendment of the federal Constitution prohibiting the taking of property by the State without due process of law. p. 460.

6. EMINENT DOMAIN.—*Appropriation of Property.*—*Compensation.*—*Vacation of Street.*—*Statutes.*—*Validity.*—Section 8700 *et seq.* Burns 1914, Acts 1905 p. 219, relating to proceedings to vacate a street, is not invalid ás contravening §21 of the Bill of Rights of the Constitution of Indiana, providing that property shall not be taken without just compensation, nor, except in the case of the State, without such compensation being first assessed and tendered. p. 461.

7. EMINENT DOMAIN.—*Streets.*—*Vacation.*—*Damages.*—A property owner whose lands do not abut on the portion of a' street vacated is entitled to recover damages where the .vacation results in leaving his property abutting on a cul-de-sac, if it appears that such owner has suffered a special and peculiar injury not shared in by the general public. p. 462.

8. EMINENT DOMAIN.—*Vacation of Street.*—*Appeal.*—The acts of the board of public works in assessing benefits or awarding damages, as authorized by §8700 *et seq.* Burns 1914, Acts 1905 p. 219, are essentially judicial, and an appeal may be taken from the board's final order or judgment. p. 463.

9. EMINENT DOMAIN.—*Vacation of Street.*—*Statutes.*—*Scope.*—*Award of Damages.*—*Appeal.*—Section 8700 *et seq.* Burns 1914, Acts 1905 p. 219, providing for an award of damages by the board of public works in a street vacation proceeding, is broad enough to include injury to property left abutting upon a cul-de-sac, by reason of the vacation and, where the board, having fully complied with the statute, did not award damages to the owner of such property, his remedy was by remonstrance and appeal and not by an independent action. p. 463.

From Marion Superior Court (76,147) ; *V. G. Clifford,* Judge.

Action by Samuel Falender against Henry C. Atkins and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Ralph M. Ketcham, Clair McTurnan, Roger W. Wallace* and *John Vajen Wilson,* for appellant.

*Ryan, Ruckelshaus & Ryan* and *Ferdinand Winter,* for appellees.

MYERS, J.—Appellant brought this action to recover damages from appellees for the obstruction of Eddy street in Indianapolis. A demurrer was sustained to the complaint and judgment followed for appellees.

On October 7, 1907, the board of public works of the city of Indianapolis vacated all that portion of Eddy street from the north bank of Pogue's Run north to Henry street. Appellees own all the lots abutting on both sides of the street vacated, and immediately after such vacation they constructed a fence across the south end thereof. At the time of such vacation, and continuously since May 6, 1898, appellant was the owner of certain lots abutting on, and immediately south of, that part of the street vacated, his south line being about seventy feet north of Merrill street, which runs east and west, and one city block south of Henry street. The vacation aforesaid leaves appellant's property abutting on a cul-de-sac instead of upon a thoroughfare. Appellant alleges that he had no notice of the proposed vacation until after it was made; that he had no knowledge of the publication of any newspaper notice until October 7, 1907; that no allowance was ever made to him for the damage he has sustained, which is $3,000.

The right to control and vacate streets dedicated and accepted by the public is primarily with the legislature, but this jurisdiction, in this State, has been delegated to municipalities or local tribunals. *Hudson Tp.* v. *Smith* (1914), 182 Ind. 260, 106 N. E. 359; *Town of Newcastle* v. *Lake Erie, etc., R. Co.* (1900), 155 Ind. 18, 23, 57 N. E. 516.

1.

Applicable to the case at hand, the general assembly has vested in the board of public works of the city of Indianapolis, the exclusive control of its streets and alleys, and has prescribed the procedure to be followed by the board in such cases. §§97, 98, 99, 101, 102, Acts 1905 p. 219, §8700 *et seq.* Burns 1914. In the absence of a showing to the contrary, and there is none, we must assume that the board of public works complied with the provisions of the statute authorizing the vacation of that part of the street in

2.

question.   But appellant insists that if the act permits
the taking of private property by such proceedings it
therefore violates §1 of the fourteenth amendment of
our federal Constitution—in that it does not provide for
notice as contemplated by the words "due process of
law," and that it also contravenes §21 of the Bill of
Rights of the Constitution of Indiana, which provides
that "no man's property shall be taken by law without
just compensation."

Section 97 of the act, *supra,* makes it necessary for
the board, in a proceeding to vacate a street, to first
adopt a resolution to that effect, "describing the prop-
erty which may be injuriously or beneficially affected,
and shall cause notice of such resolution to be published
in a newspaper of general circulation published in such
city once each week for two consecutive weeks.   Such
notice shall name a date, not less than ten days after
the last publication, at which such board will receive
or hear remonstrances from persons interested in or
affected by such proceeding.   Such board shall consider
such remonstrances, if any, and thereupon take final
action, confirming, modifying or rescinding its original
resolution, which action shall be final and conclusive
on all persons."   Section 98, *supra,* provides: "Upon
the final order being made, as provided in the preced-
ing section, such board shall cause to be prepared a list
or roll of all the owners or holders of property, and of
interests therein, sought to be taken or to be injuri-
ously affected; and, in case of   *   *   *   vacation of
any street,   *   *   *   a list of the owners or holders
of property, or of interests therein, to be beneficially
affected by such work.   Such list shall not be confined
to the owners of property along the line of the proposed
work, but shall extend to and include all property taken,
benefited or injuriously affected.   In addition to such
names, such list shall show, with reasonable certainty,

a description of each piece of property belonging to such persons and to be taken, or to be affected either beneficially or injuriously." Section 99, *supra*, provides that "said board shall proceed to award the damages sustained, and to assess the benefits accruing to each piece of property on said list. When such assessments or awards are completed, said board shall cause a written notice to be served upon the owner of each piece of property, showing the amount of such assessment or award, by leaving a copy of the same at his last usual place of residence, in such city, or by delivering a copy to such owner personally. * * * Such notices shall also name a day, not earlier than ten days after service of notice, or after the last publication, as the case may be, on which said board shall receive or hear remonstrances from persons with regard to the amount of their respective awards or assessments. Persons not included in the list of such assessments or awards, and claiming to be entitled to the same, shall be deemed to have been notified of the pendency of the proceedings by the original notice of the resolution of the board." Section 101, *supra*, provides for a hearing by persons notified, or deemed to be notified, on a day fixed by the board, with regard to awards and assessments, by remonstrance, and authorizing an appeal from the action of the board to the circuit or superior court of the county in which the city is located. Section 102, *supra*, provides that such appeal may be taken by filing an original complaint in such court within twenty days after the board has passed on such assessment or award, setting forth the action of the board, and stating the facts relied upon as showing an error on the part of the board. "Such court shall rehear the matter of such assessment *de novo*, and confirm, lower or increase the same as may seem just."

"Due process of law" within the meaning of the four-

teenth amendment, *supra*, is not intended to control the power of the State to determine by what proc-

3. ess legal rights may be asserted, provided such procedure will afford reasonable notice and a fair opportunity to be heard before final determination. *Iowa Central R. Co.* v. *Iowa* (1895), 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467; *Rogers* v. *Peck* (1905), 199 U. S. 425, 26 Sup. Ct. 87, 50 L. Ed. 256. This court in the case of *Campbell* v. *State* (1908), 171 Ind. 702, 87 N. E. 212, has said: "Due process of law requires only that provision shall be made for notice in some form, and an opportunity to be heard before some tribunal, not necessarily an organized court, nor before a jury."

Appellant was entitled to notice authorized by a law requiring notice, but it must be kept in mind that it is with the legislature to prescribe what the notice shall be, as well as the tribunal before which the hearing may be had. *Johnson* v. *Lewis* (1888), 115 Ind. 490, 18 N. E. 7; *Kuntz* v. *Sumption* (1889), 117 Ind. 1, 19 N. E. 474, 2 L. R. A. 655; *Garvin* v. *Daussman* (1888), 114 Ind. 429, 16 N. E. 826, 5 Am. St. 637; *Hudson Tp.* v. *Smith, supra.* In determining this question,

4. the courts may look to the object to be accomplished and the limits within which the hearing may be confined for the purpose of settling the character of the notice that should be required; and if it be found suitable or admissible in the special case, the demand of the Constitution in this respect will be satisfied. *Davidson* v. *New Orleans* (1877), 96 U. S. 97, 24 L. Ed. 616. The sections of the act to which we have referred provide for notice to all per-

5. sons interested or who may be *injuriously* affected, and for a day when they may be heard concerning each step to be taken by the board, beginning with notice of the adoption of the resolution, down

to the final action on the assessments or awards, and for an appeal to the circuit or superior court of the county by any party who may feel aggrieved by the board's action. If, as appellant contends, this is an action for damages for property taken, or an invasion of his private right, then the act in question clearly gave him a remedy, and an opportunity to be heard before a tribunal vested with power or jurisdiction to determine his rights in the premises, and notice which the legislature has deemed sufficient. Under these circumstances we cannot say that the proceedings were not well within the principle required to constitute due process of law. *Bowlin* v. *Cochran* (1903), 161 Ind. 486, 69 N. E. 153; *Strange* v. *Board* (1909), 173 Ind. 640, 91 N. E. 242; *Hudson Tp.* v. *Smith, supra.*

Nor can we say that the statute attempts to deny him the right to receive compensation for any private or special injury he may have sustained on account of vacating the street, but on the contrary, it does make provision for compensating such abutting owners for such injuries. For final action of the board vacating the street pursuant to §97, *supra,* was the first step in the proceedings. This action, if the board did its duty—and there is no showing that it did not—was followed by the preparation of a list or roll of *"all the owners or holders of property, and of interests therein, sought to be taken or to be injuriously affected."* For aught that appears appellant's name was on this roll. Then came the ten-day notice in writing to residents on the list relative to the question of benefits or damages. A day was fixed when these matters would be heard. The case of *Oler* v. *Pittsburgh, etc., R. Co.* (1915), 184 Ind. 431, 111 N. E. 619, on this point, does not control the case at bar, for, in that case the statute (Acts 1907 p. 617, §§8910, 8916 Burns 1914) governing the vacation "was not in-

tended to provide for the litigation in the proceeding under it of any question affecting the private rights of owners situated as appellant. Nor is there anything in the statute which expressly or by necessary implication seeks to take from appellant any private property right in the street and at the same time deny her compensation therefor." And the court also found as a fact that such right in the case was not determined; while in the case at bar appellant is content with the allegation "nor was any allowance ever made to this plaintiff for damages." From aught that appears from this allegation he may have had his day in court, which resulted in a finding against him.

Appellees largely rely upon the rule, broadly stated, that property owners whose lands do not abut on the portion of the street vacated, are not entitled to recover damages. That is not the rule in this State. The vacation of the street as provided by law left appellant's property abutting on a cul-de-sac. This fact is to be taken in connection with all the facts pertaining to the special case, and if it then appear that such abutting owner has, by reason of the changed conditions, suffered special and peculiar injury to his property not shared in by the general public, he was entitled to have his damages assessed. This is so, whether it be called a property right invaded, or an injury to his abutting property. *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 546, 11 N. E. 467, 59 Am. Rep. 225; *O'Brien* v. *Central Iron, etc., Co.* (1901), 158 Ind. 218, 222, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. 305, and authorities cited. 3 McQuillin, Mun. Corp. §§1408, 1409; *Oler* v. *Pittsburgh, etc., R. Co., supra*; 2 Elliott, Roads and Streets (3d ed.) §1180.

By legislative grant the board had jurisdiction over the subject-matter—vacation of streets—and the statu-

tory notice to appellant, which is not denied, gave it jurisdiction of the person to hear and determine the damages and to assess benefits. In assessing benefits or in awarding damages, the acts of the board are essentially judicial, and from a final order or judgment in that respect, an appeal is authorized. §101, Acts 1905 p. 284, *supra; MacGinnitie* v. *Silvers* (1906), 167 Ind. 321, 78 N. E. 1013; *Shank* v. *Smith* (1901), 157 Ind. 401, 412, 61 N. E. 932, 55 L. R. A. 564; *Brownell Improvement Co.* v. *Nixon* (1911), 48 Ind. App. 195, 92 N. E. 693, 95 N. E. 585; 2 Elliott, Roads and Streets (3d ed.) §1179.

There is no insistence that the board acted other than as directed by the statute, which is broad enough to include the alleged injuries of appellant. He was not awarded damages and this action can be accounted for on the theory that in the judgment of the board he sustained no special injury different in kind from that of the public generally. He was not compelled to accept the judgment of the board, for, had he remonstrated, the statute gave him twenty days in which to appeal to the circuit or superior court of the county. His remedy in this respect was by appeal, and not by an independent action. Judgment affirmed.

NOTE.—Reported in 114 N. E. 965. Municipal corporations, power to vacate streets, 2 Ann. Cas. 87, 26 L. R. A. 821, 28 Cyc 840, 46 Am. St. 494. Persons entitled to compensation for vacation of a street, 15 Ann. Cas. 687, Ann. Cas. 1913 D 790. Abutting owners: (a) rights of, whose means of access from one direction is shut off or interfered with by closing of adjoining street or portion of street, notes, 2 L. R. A. (N. S.) 269, 30 L. R. A. (N. S.) 637, 52 L. R. A. (N. S.) 889. See under (3) 8 Cyc 1084; 12 C. J. 1192; (7) 15 Cyc 666.