REGENSTREIF ET AL. *v*. MERZ ET AL.

[No. 26,664. Filed February 24, 1937. Rehearing
denied May 18, 1937.]

*Jackiel W. Joseph,* and *Theodore R. Dann,* for appel-
lants.

*Clyde H. Jones, James E. Deery,* and *William E. Reiley,* for appellees.

HUGHES, J.—This is an action by the appellants against appellees to set aside and declare void a declaratory resolution of the board of public works and sanitation of the city of Indianapolis, vacating a portion of an alley described in the complaint, and to enjoin the obstruction of and construction of any works or structures upon that part of the alley so pretended to be vacated, and to have that portion of the alley restored to its original condition. A restraining order was issued, and later a hearing was had for a temporary injunction which was denied.

This appeal is from the judgment denying the granting of a temporary injunction. The errors assigned are: (1) The court erred in refusing to grant a temporary injunction; (2) the court erred in refusing to grant a temporary injunction to the appellants and each of them, separately and severally considered; and (3) the court erred in dissolving the restraining order.

The complaint of appellants is very long, and we will not attempt to set out at length the allegations thereof, as we deem it unnecessary in view of the questions presented in appellants' brief. It is alleged that the appellants at no time had actual knowledge, nor received any notice of the declaratory resolution and the pretended acts done thereto until on or about November 2, 1935; that the proceedings were not in good faith, and for a public purpose in that appellees Merz, Weisenberger, and the Acme Mattress Company desired to have a portion of the alley dedicated, appropriated, and devoted to their private and individual uses and purposes; that the appellants and the public generally have been greatly damaged, and the appellants particularly.

Certain facts were stipulated by and between the parties hereto, among which are the following:

## II.

"That at a regular meeting of the board of public works and sanitation of the city of Indianapolis, held on July 26, 1935, the defendant, Inez Merz, filed with said board a written petition, praying therein that the first alley south of Norwood Street from the northwest property line of Madison Avenue to a point ninety feet (90′) west of the northwest property line of Madison Avenue be vacated by action of said board, a copy of which written petition is attached hereto, made a part hereof and marked 'Exhibit A'.

## III.

"That said board thereupon referred said petition to the City Civil Engineer for investigation and recommendation, and that thereafter, at a regular meeting of said board, held on August 12, 1935, said City Civil Engineer presented and filed with said board his written report on said petition, which report is attached hereto, made a part hereof and marked 'Exhibit B'. That the board thereupon ordered said City Civil Engineer to prepare plans and a resolution for the vacation of the first alley south of Norwood Street, from Madison Avenue to a point 90 feet west of Madison Avenue.

## IV.

"That thereafter, to wit: on August 16, 1935, said board, at a regular meeting thereof, took the following action, as shown by the record of its proceedings appearing in its Minute Book QQ, at page 425, to-wit:

'The board adopts the following resolution, together with general and detail plans for the following: D. R. 15176 — FIRST ALLEY SOUTH OF NORWOOD STREET, from N. W. P. L. of Madison Avenue to a point 90 feet west of the N. W. P. L. of Madison Avenue. VACATION.'

That said Declaratory Resolution No. 15176, and the general and detail plans thereof, is attached hereto, made a part hereof and marked 'Exhibit C page 1 and 2'.

### V.

"That thereafter notice of the adoption of said Declaratory Resolution No. 15176 was given by publication in the Indianapolis Commercial, on August 20th and 27th, 1935, which notice fixed September 9, 1935, at ten o'clock A. M., and the office of said board, as the time and place when said board would meet for the purpose of hearing and considering any remonstrances filed or presented by persons interested in, or affected by, said proposed vacation, a copy of which notice is attached hereto, made a part hereof and marked 'Exhibit D'.

### VI.

"That thereafter, to-wit: on September 9, 1935, said board met at ten o'clock, A. M., in the office of said board, and the following action was taken by said board, as shown by its minutes appearing in its Minute Book QQ, at page 455, to-wit:

'The Board meets to hear remonstrances, if any, of persons interested in, or whose property is affected by, the following improvement, and after hearing all persons who appeared, and being duly advised in the premises, now acts as follows: POSTPONED, until Sept. 11, 1935. D. R. 15176 — FIRST ALLEY SOUTH OF NORWOOD STREET, from N. W. P. L. of Madison Avenue to a point 90 ft. west of N. W. P. L. of Madison Avenue. VACATION.'

### VII.

"That thereafter, to-wit: on September 11, 1935, said board met in regular session at ten o'clock, A. M., all of the members of said board being present, and the following action was taken by said board, as shown by the minutes appearing in its Minute Book QQ, at page 457, to-wit:

'The Board meets to hear remonstrances, if any, of persons interested in or whose property is affected by the following improvement, and after hearing all interested persons who appeared and being fully advised in the premises, finds that the benefits occasioned by said improvement will be equal to the estimated cost thereof, and now acts as follows:

confirmed, subject to easement for public utility. D. R. 15176 — FIRST ALLEY SOUTH OF NORWOOD STREET, from N. W. P. L. of Madison Avenue to a point 90 feet west of N. W. P. L. of Madison Avenue. VACATION.
*Note said hearing postponed from Monday, Sept. 9, 1935'."

It appears from stipulation number 5 that notice of the adoption of the declaratory resolution was given fixing September 9, 1935, as the time and place for hearing and considering any remonstrance filed or presented by persons interested in, or affected by said proposed vacation.

Stipulation number 6 shows that the board of public works and sanitation of the city of Indianapolis met on September 9, 1935, pursuant to the notice given, and then postponed the meeting until September 11, 1935. Stipulation number 7 shows that the board met on September 11, 1935, and, after hearing all interested parties who appeared, and being duly advised in the premises, found that the benefits occasioned by said improvements would be equal to the estimated costs thereof, and confirmed said resolution. Stipulation 8 shows that the board met on September 13, 1935, and approved the primary assessment roll, and it also shows that the board met to hear remonstrances of persons primarily assessed on account of the improvement.

Under propositions, points, and authorities, the appellants only discuss assignments one and two, and consider them as presenting the same questions.

It appears from the evidence that there was not a quorum of the board present on September 9, 1935, and the hearing was postponed until September 11, 1935. It is appellants' contention that the board had no authority to confirm the resolution on September 11, 1935, after the published notice had set

September 9, 1935, as the date on which final action thereon would be taken, and that a new notice should have been given. Section 48-2001 Burns 1933, §11644 Baldwin's 1934, contains the following language:

". . . Such board shall consider such remonstrances, if any, and thereupon take final action . . ."

The appellant would have us construe the words "and thereupon" in a very limited and restricted sense, and have us hold that final action in the instant case could only have been taken on September 9. We think this is not a proper construction. The appellants cite two Indiana cases to support their contention, neither one of which, as we construe them, is in point. In the case of *Givan* v. *Doe* (1840), 5 Blackf. 260, a sheriff sold certain real estate on execution to B, who failed to pay the purchase money. Later, without adjourning the sale, and without advertising again, the sheriff sold the property to C, who had notice of the facts. It was held that the sale was void. It was also held, however, that, in the case of such a sale, there might be an adjournment until the next or some succeeding day; but, if no adjournment, then the sale should be again advertised. In the instant case we are dealing with an adjourned meeting. In the case of *Patten* v. *Stewart* (1866), 26 Ind. 395, notice was given that a sale of land by the sheriff would take place on February 13, but an injunction was granted against the sale on this day; the sheriff adjourned the sale until July 18, and later adjourned the sale until February 22. It was held that the sale was void, and that a new notice should have been given for the reason that bidders learning of the injunction would have no motive to be present on the 13th, and consequently would not be likely to know of the adjournment. In the instant case a proper notice of the meeting for September 9 was given, and at the meeting on the ninth, an adjourned meeting was fixed for September 11. All interested parties were reg-

ularly notified of the meeting for September 9, and it was their duty to take notice of an adjourned meeting.

Parties owning property described in the resolution of the board, which may be injuriously or beneficially affected, shall be deemed to have been notified of the pendency of the proceedings by the original notice of the resolution of the board. *Falender* v. *Atkins et al.* (1917), 186 Ind. 455, 114 N. E. 965.

A similar question was raised in the case of *Brazell* v. *City of Seattle* (1909), 55 Wash. 180, 184, 185, 104 Pac. 155. The court said:

> "The amended complaint affirmatively shows that proper notice fixing a time for the hearing of the petition was given; that several continuances were entered, but that on one occasion no continuance was entered although the council considered the petition at its next meeting without further service. The council obtained jurisdiction of the petition by virtue of the original notice, but the appellants now contend that, having once failed to order any continuance, it lost jurisdiction so completely as to render its subsequent orders void. This contention cannot be sustained."

The Court quoted with approval the following from Mr. Elliott on Roads and Street, section 293:

> " 'The sound doctrine upon this subject, as it seems to us, is this: If the parties are once properly in court then the failure to take action at the proper time will not oust the jurisdiction, although it may constitute error reviewable by certiorari or on appeal. This is in harmony with the general principle that where jurisdiction has once attached it is not lost by an error committed in the course of the proceedings. The general rule unquestionably is that when jurisdiction is acquired, the order or judgment is not void, although it may be erroneous'."

There is nothing· in the statute to prevent an adjourned meeting, and no authority has been presented which holds that under the circumstances such a meeting is unlawful. We think it was within the power and

discretion of the board to adjourn the meeting to September 11, and that it was not necessary for it to give another notice of the same.

Under appellants' proposition two it is insisted that the board acted without any information as to whether the vacation of the alley was for a public purpose; and therefore the law places a badge of fraud upon such action, and makes the whole proceeding void. Stipulation two shows that a petition to vacate was filed with the board at a meeting held on July 26, 1935, and it was then referred to the city civil engineer for investigation and recommendation; that on August 12, 1935, the city civil engineer filed a report with the board recommending that the petition to vacate be granted. The board accepted the report, and ordered the engineer to draw plans and a resolution for the vacation. It cannot be justly said that the board acted without any information in ordering the vacation. It may be that the members of the board made no personal examination of the alley and surroundings. This, we think, was not necessary. They had before them the report of the civil engineer of the city, and for all that appears the individual members, or some of them, may have had personal knowledge of the alley and surroundings. Moreover, the statute, section 48-2001, *supra*, §11644 Baldwin's 1934, provides that:

"Whenever the board of public works of any city shall desire . . . to open, change, lay out or vacate any street, alley or public place . . . it shall adopt a resolution to that effect . . . ."

It is not provided in the statute what information is necessary in order to institute the proceeding to vacate, and, if the board desired to vacate the alley for a legitimate purpose, we know of no reason why it could not act upon the recommendation of the engineer. The board may institute the proceedings without a petition.

We agree with the appellants that the city engineer had no authority or power to pass upon the question whether the alley in question should be vacated. He did not do this, and the records do not so show. He made a report to the board which made the final determination.

It must be assumed that the board in exercising its jurisdiction to vacate the alley acted in good faith, and we fail to find any evidence in the record which leads us to believe to the contrary. We find no elements of fraud in the proceedings.

The power to vacate streets and alleys is lodged in the board of public works, and, this board having determined that the alley should be vacated, this determination carried with it the finding that it was for the public good, and in the absence of fraud is binding on all persons affected. *Windle* v. *City of Valparaiso* (1916) 62 Ind. App. 342, 113 N. E. 429.

In the instant case the statute relative to the vacations of streets and alleys has been substantially followed, and we find no reversible error.

Judgment affirmed.