HANKINS ET AL. *v.* STATE EX REL. MILLER.

[No. 27,358. Filed May 29, 1940.]

228

*Parr, Parr & Parr,* of Lebanon; and *Isaac D. Gregg,* of Thorntown, for respondents.

*Scifres & Hollingsworth,* of Lebanon, for relators.

TREMAIN, J.—This is an appeal from a judgment in favor of the relators in an action filed by them against the Board of Trustees of the Town of Thorntown, wherein the respondents were mandated to prepare and file a list or roll of all owners of property affected by the vacation of parts of certain streets.

The complaint alleges that the relators are the respective owners of the several tracts of land abutting the streets described; that the Board of Trustees of the Town of Thorntown on September 3, 1929, adopted a declaratory resolution providing for such vacation; that upon the adoption of the resolution notice was duly

published in the Thorntown Times, a newspaper of general circulation, notifying all parties concerned to appear on the first day of October, 1929, in the office of the board and file remonstrances, and make any objections, if any they have, to said resolution and the proposed vacation; that the board met on the date fixed in the notice and adjourned until October 22, 1929, when the board passed a final resolution confirming said declaratory resolution, and declared that the board met for the purpose of making a roll of benefits and damages and to hear remonstrances on account of said vacation; that the Crawfordsville Trust Company, receiver of the Crawfordsville Realty Company, filed its remonstrance against the vacation of Pearl Street, being one of the streets sought to be vacated, and, after a full consideration of that remonstrance, the board took final action on said resolution, but adjourned the meeting for hearings on further objections, if any.

It is alleged that no list or roll of owners of property injured or benefited was prepared and filed; that on December 16, 1929, at a meeting of the board it was ordered that in lieu of adopting a roll of awards or assessments in the matter of the vacation of said streets, a time should be fixed at which all parties' interested therein might file and present to the board any damages sustained on account of said vacation, and January 2, 1930, at 2 o'clock P. M. in the office of said board was fixed as the time and place any person deeming himself affected would be heard, and at which time all claims with respect to awards and damages in said matter would be finally settled; that no other action of any kind has been taken by said board in respect to the preparation of a list or roll of damages sustained by any person affected by such vacation; that relators own property abutting on said streets, all of which is par-

ticularly described and which streets were vacated pursuant to the terms of said resolution.

The complaint alleges:

"Your relators further show that said vacation has already been accomplished and the portion of said street above described has been closed."

It is alleged that by the failure of the board to make a roll of all owners of property injuriously or beneficially affected by such vacation the relators have been deprived of their legal right to remonstrate; that no award of damages or assessment of benefits was made and no notice of a hearing was given. The prayer asked for an order directing the respondents to reinstate said proceedings and to make and prepare a roll of owners of property injuriously and beneficially affected.

The respondents filed a motion to make the complaint more specific and certain, asking that the relators be required to set out all of the record proceedings had by the board, particularly at the January meeting mentioned in the complaint; that they state whether or not they filed a claim or remonstrance with said board, and, if they did file one, what action was taken thereon; that they state specifically when and what portions of the streets were vacated, and whether or not the relators were present at the time of the order of vacation; that they allege whether there were any damages or benefits necessitating a roll of the property owners; that, since the relators ask to invoke the extraordinary powers of the court, they should be required to plead specifically all action taken by the board. The motion to make more specific was overruled, to which the respondents excepted. Respondents then filed a demurrer for want of facts, accompanied by memorandum, which was overruled with exceptions.

The respondents filed an answer in six paragraphs which contained all the allegations of the complaint with respect to the action of the board, and further pleaded other record· proceedings of the board relative to the vacation. It was alleged that no roll of damages or benefits was made for the reason that no remonstrances were filed and neither damages nor benefits existed; that none of the relators made any objection or filed any remonstrance until long after the streets were vacated and the proceedings of the town board closed, and the objection then made was by filing the complaint herein. The relators demurred to each paragraph of answer. The demurrers were sustained by the court over the objection and exception of respondents, who at the time refused to plead further. Judgment was rendered against them and they perfected this appeal.

The motion to make the complaint more specific and the demurrer thereto will be considered together. It will be noted that the relators have not averred in their complaint that they filed remonstrances, or that their property was damaged. They do not specifically aver that a final order of vacation was not made by the board. The allegation in the complaint is:

> "That no other action of any kind has ever been taken by said Board of Trustees or any of its duly constituted members or by the Town of Thorntown respecting the preparation of a list or roll of assessments sustained by any person affected by such vacation."

This allegation does not amount to an averment that an order vacating the streets was not made. It is averred that the board "being fully advised in the matter now takes final action on said resolution, confirming without modification all former action. . . ." The complaint

affirmatively alleges that the streets were vacated before this action was commenced. The complaint does not allege the necessity of making a roll by stating specifically that property was affected injuriously or beneficially. If the property of relators, or other property adjoining the parts of the streets sought to be vacated, was neither injured nor benefited there would be no necessity of making a roll of such property owners. A pleading of the nature of the complaint herein, in which the extraordinary powers of the court are invoked, should be specific and certain in all of its terms and should aver all the facts pertaining to the subject-matter in order that the court may have before it for determination, among other questions, the one as to whether or not an adequate remedy at law exists by appeal. If the vacation of the streets had been accomplished wrongfully before the mandamus suit was filed, the relators would have had an action for damages against the appropriators, or injunction to prohibit the appropriation. The mere statement in a pleading that the relators have no adequate remedy at law or no right to appeal is a conclusion and not a statement of fact. The facts which form the basis of such conclusion should be pleaded. *State ex rel. Green* v. *Jeffries* (1925), 83 Ind. App. 524, 149 N. E. 373.

The burden was upon the relators to specifically aver facts showing it to be the duty of the respondents to make an assessment roll. Such facts are not averred. Where the facts upon which a pleading is based do not sufficiently appear, it is prejudicial error to overrule a motion to make the pleading more specific and certain, where the motion is manifestly for the purpose of clarifying the pleading and securing a proper statement of the cause of action.

*Indiana Mfg. Co.* v. *Coughlin* (1917), 65 Ind. App. 268, 115 N. E. 260.

Upon the question of the necessity of requiring the board to make an assessment roll, nothing is found in the statute directly applying to towns which prescribe the procedure to be followed in the vacation of streets. The powers of boards of trustees are enumerated in § 48-301, Burns' 1933, § 11358, Baldwin's 1934:

> "Ninth. . . . and also to change or vacate such streets or alleys. . . .
> "Twentieth. To make and establish such by-laws, ordinances and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the provisions of this act. . . ."

Upon the question of the general powers of cities and towns, it is provided by § 48-501, Burns' 1933, § 12817, Baldwin's 1934:

> "Wherever there is a grant of authority or power conferred by any section or sections of this act upon any officer or board of any city or town, and no method is provided herein for the exercise of such authority or power, and a method for the exercise of such authority or power is necessary to be provided by law to make such grant of authority or power effectual, and a method for the exercise of such or similar authority or power is provided by any other section or sections of this act . . . , then such other section or sections, or other law, so far as the same provide a method . . . may be followed . . . . . . the common council of any city or the board of trustees of any town *may*, by ordinance, provide such method." (Court's italics.)

From the allegations of the complaint it appears that the board of trustees followed the procedure provided for in cities having a board of public works, § 48-2001, et seq., Burns' 1933, § 11644, et seq., Baldwin's 1934.

Pursuant to the statute quoted, the board of trustees *may* adopt the vacation procedure provided in the fore-

going statute. There is no allegation, however, that the town board, by by-law or otherwise, adopted a procedure to be followed. A writ of mandamus will not be granted to control the action of the board in the exercise of its discretionary powers. *State ex rel. Fry* v. *Board of Commissioners of Martin County* (1890), 125 Ind. 247, 25 N. E. 286.

So long as the complaint does not by specific allegations show a necessity for making an assessment roll or any injury by reason of such failure, this court must indulge in the belief that such roll was not necessary. The complaint discloses that the legal notice was given, and proof of publication duly made, of the adoption of the declaratory resolutions. No further notice was necessary. *Regenstreif* v. *Merz* (1937), 212 Ind. 112, 118, 6 N. E. (2d) 702. In this case it was held that when the first notice was given, it was the duty of the relators to take notice of adjourned meetings; that the original notice was sufficient for all purposes, citing in support of the proposition *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965.

This court has held many times that an injunction will not lie on account of irregularities in the assessment of damages or in making the assessment roll. *Caskey* v. *City of Greensburgh* (1881), 78 Ind. 233; *Neff* v. *City of Indianapolis* (1935), 209 Ind. 203, 211, 198 N. E. 328; *Falender* v. *Atkins, supra.*

Mandamus will not lie where the statute has provided another adequate and ample remedy by appeal where the claim could be tried *de novo, Board of Commissioners of Boone County* v. *State ex rel. Riley* (1871), 38 Ind. 193; *State ex rel. City of Hammond* v. *Foland* (1921), 191 Ind. 342, 132 N. E. 674; *Gruber, Trustee,* v. *State, ex rel. Welliver* (1925), 196

Ind. 436, 444, 148 N. E. 481; *Neff* v. *City of Indianapolis, supra,* at page 213. Mandamus lies only in cases where the facts show a clear legal right on the part of the relators to the relief sought and a clear legal duty resting on the respondents to do and perform the thing demanded. *State ex rel. German Investment etc. Co.* v. *City of Indianapolis* (1919), 188 Ind. 685, 691, 123 N. E. 405.

An action of the nature of the one here under consideration constitutes a collateral attack upon the proceedings of the corporate officers of the town, and does not lie because of defects or irregularities which do not affect the jurisdiction of the board. *DePuy* v. *City of Wabash* (1893), 133 Ind. 336, 32 N. E. 1016. In the instant case the attack is not upon the notice which gave the town board jurisdiction, but is made upon one of the procedural steps taken by the board. In *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741, it is held that an action to enjoin the collection of assessments made against property owners for street improvements is a collateral attack upon the proceedings of the town board, and can be maintained only by an affirmative disclosure of some act or omission rendering the assessment invalid for want of jurisdiction. It cannot be sustained for any mere irregularity in the proceeding.

The facts under consideration in *Neff* v. *City of Indianapolis, supra,* in many respects are similar to the facts in the case at bar. There a part of a street was vacated on account of a railroad track elevation. The assessment roll made up by the board of works did not list the property of the appellant in that case. The action was filed to enjoin the board from proceeding with the vacation on the ground, among others, that

the appellant's name was omitted from the roll. In considering that question the court said:

"In regulating streets and in vacating them, cities exercise legislative sovereignty. The control of streets involves a discretionary power which is continuous and never exhausted. . . . . The statute authorizing the vacation of streets provides that whenever the board of works shall desire to vacate any street, alley, or public place, it shall adopt a resolution to that effect, describing the property which may be injuriously or beneficially affected, and shall cause notice to be published fixing a date upon which remonstrances shall be heard; that such board shall consider the remonstrances, if any, and thereupon take action which shall be final and conclusive upon all persons. . . .

"Appellants attack the regularity of the vacation proceedings, and assert that their property was not included in the beneficially affected district as described in the resolution and in the subsequent proceedings. The statute provides that, upon the final order of vacation being made, the board shall cause to be prepared a list of the owners of property which will be injuriously affected and a list of the owners of property which will be beneficially affected by such work . . . . . and it is provided that 'persons not included in the list of such assessments or awards, and claiming to be entitled to the same, shall be deemed to have been notified of the pendency of the proceedings by the original notice of the resolution of the board.' . . .

" . . . Appellants' criticism seems to be based upon the fact that their property was not included in the list or roll of owners of property injuriously affected. But, obviously, the list would contain only the names of the owners of property which the board at the time of making the list deemed to be injuriously affected."

So, in the instant case there is no allegation in the complaint from which the court can say that the relators were injuriously affected. If they were, they had notice

by the original publication and the right to appear, remonstrate, and finally to appeal to the circuit court within twenty days from the action of the board in denying their remonstrances or awards. The relators had an adequate remedy at law. The complaint is insufficient and the demurrer for want of facts should have been sustained.

The judgment of the lower court is reversed, with directions to sustain the demurrer to the complaint.

NOTE.—Reported in 27 N. E. (2d) 365.