SKINNER v. PITMAN-MOORE COMPANY, INC., ET AL.

[No. 17,866. Filed April 19, 1949. Rehearing denied June 2, 1949. Transfer denied November 10, 1949.]

*Rochford & Rochford;* and *Little, Little & Horn,* all of Indianapolis, for appellant.

*Kothe & Shotwell;* and *Duck & Neighbours,* all of Indianapolis, for appellees.

WILTROUT, J.—The principal questions presented in this case are whether the Board of Public Works and Sanitation of the City of Indianapolis had authority to, and did, vacate a portion of a certain street, and what effect its action had on the rights of appellant, who owned property on the street.

Appellant's complaint was for a restraining order, temporary injunction, and permanent injunction, and sought to restrain and enjoin appellees from engaging in the excavation for, and construction of, any works or structures upon, and from otherwise blockading a portion of Wenzel Street (South Delaware Street), and further prayed that appellees be ordered and mandated to remove the blockades and restore the street to its original condition so as to allow appellant and the public generally free and unobstructed use thereof.

The appellee Allied Laboratories, Inc., answered that the portion of the street involved had been vacated by the Board of Public Works of the City of Indianapolis and that the same was no longer a public street or highway; that therefore neither appellant nor the public generally had the right to use said real estate.

The court made special findings of fact and conclusions of law and rendered judgment that appellant take nothing by his complaint.

It appears by stipulation of the parties, and by special finding of Fact No. 1 that in 1886, the then owners of the real estate involved herein, by an instrument which was duly recorded, gave and dedicated "to public use as and

for a public highway of street named Wenzel Street" (later renamed Delaware Street) a strip of land forty feet in width and four hundred eighty feet in length, running in a northerly and southerly direction between Morris Street on the north and Orange Street on the south.

Special finding of Fact No. 2, which is also supported by stipulation, was to the effect that the appellee Allied Laboratories, Inc. became and is the owner of all of the land on the west side of Delaware Street, as well as the north 270 feet on the east side of the street.

Appellant became the owner of a parcel of land 90 feet in width on the east side of the street, south of and immediately adjoining the land of Allied Laboratories, Inc. On this land appellant constructed and maintained a brick building which was used by his tenant as an industrial garage for the purpose of storing large trucks, heavy-duty tractors and heavy-duty trailers. Appellant testified that the closing of the portion of Delaware Street involved, although not directly abutting his real estate, and still leaving access to his building from the south over the unvacated portion of Delaware Street, makes it necessary for the heavy equipment to back out of the garage onto Madison Avenue, which abuts his property on the east, and on which there is heavy traffic.

By special finding No. 3 the court found that the appellee Pitman-Moore Company, Inc. has not engaged in any of the acts complained of in appellant's complaint. There was ample evidence to sustain this finding, it appearing that this corporation had not engaged in active business for a number of years.

The remaining special findings were substantially as follows: On March 4, 1946, the Board of Public Works and Sanitation of the City of Indianapolis, desiring to vacate the north 270 feet of Delaware Street, adopted

a declaratory resolution to that effect, describing the property injuriously or beneficially affected. The Board caused notice of the resolution to be published in a newspaper of general circulation published in Indianapolis, on March 4th and 11th, 1946, in which notice March 25, 1946 at ten o'clock A. M. at the office of the board was named as the date upon which and place where such Board would meet to hear and consider any remonstrances and to take final action upon the resolution. A hearing was held at the time and place named in the notice. No persons appeared in opposition to the vacation of the portion of the street and no remonstrance was filed. The declaratory resolution was thereupon confirmed and the street thereby vacated. The Board prepared a list or roll, known as an assessment roll, of all owners or holders of property and of interests therein, sought to be taken or to be injuriously or beneficially affected by such vacation, and assessed damages and benefits and served a written notice upon the persons listed. The portion of the street specified having been vacated the appellee Allied Laboratories, Inc. in its use and occupancy of the portion so vacated has not and is not occupying, using or blockading any portion of Delaware Street.

On the facts so found the court concluded that such vacation was done in compliance with Acts of 1905, ch. 129, §§ 97, 98, and 99; Burns' 1933, §§ 48-2001, 48-2002 and 48-2003. The court further concluded that the portion of the street so vacated is not now a public street nor subject to any public easement and that appellant is not entitled, as a member of the public, or otherwise, to make use of said real estate, and that the law is with appellees.

Errors relied upon for reversal are that the court erred in its conclusions of law, and in overruling appel-

lant's motion for a new trial. The grounds of the motion for new trial which are presented are that the decision of the court is contrary to law and that special findings numbered two to eight are not sustained by sufficient evidence.

Appellant contends that Acts of 1929, ch. 128, p. 432; Burns' 1933, § 48-914, is the statute applicable in the instant case, not Acts of 1905, ch. 129, p. 219; Burns' 1933, § 48-2001 et seq. However, the former is a statute as to remonstrances, and there were no remonstrances in this case.

The declaratory resolution contained the conclusion that, "Whereas all of the street to be vacated lies between ground owned by the Allied Laboratories, Inc., and when vacated will revert to the Allied Laboratories, Inc." Appellant insists that in view of this statement the vacation of the street amounted to alienating or conveying property, and that authority to alienate or convey property vests in the common council and not in the board of public works. While the right or power to control and vacate streets dedicated to the public is primarily with the legislature, this jurisdiction has been delegated. The street in question in this case being within the City of Indianapolis, such power has been vested in the board of public works of that city, and not with the common council. Acts of 1905, ch. 129, p. 219; Burns' 1933, § 48-2001; *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965; *Neff* v. *City of Indianapolis* (1935), 209 Ind. 203, 198 N. E. 328; *Regenstreif* v. *Merz* (1937), 212 Ind. 112, 6 N. E. 2d 702. The conclusion of the board with reference to the reversion of title was mere surplusage, and in our opinion, neither conveyed nor could convey property. We do not express any opinion as to where the title is now vested

as to that portion of the street covered by the vacation proceedings.

Appellant also takes the position that an abutting property owner acquires a private right in and to a public street, which neither the legislature nor the municipality has power to take away without his consent. Beginning with the case of *Haynes* v. *Thomas* (1855), 7 Ind. 38, a long line of cases recognize that a person whose property abuts on a street has a right, in common with the public, to use the street from end to end for the purpose of passage, and in addition to this common right, he has a private property right, or special interest, appendant to his premises, in that part of the street which is necessary to free and convenient egress and ingress to his property, concerning which he may suffer special injury.

Appellant relies upon the statements in *Haynes* v. *Thomas, supra,* that,

"Under the constitution of 1816, it is not doubted that the legislature had power to vacate roads, streets, &c.; and of the propriety of their doing so they were the exclusive judges, so far as their acts might affect the citizens of the state at large; but it is equally clear that they had no such power, where their action would take away a private right. ... The right to use a street in a town adjoining a lot abutting upon it, is as much property as the lot itself, and the legislature has as little power to take away one as the other."

Appellant insists that under the authority of this case neither the legislature nor the board of works, to whom the power was delegated, could take away his private right without his consent. That the ruling of this case is not as narrow as appellant contends is shown in *Oler* v. *Pittsburgh, etc., R. Co.* (1916), 184 Ind. 431, 111 N. E.

619, where, in discussing *Haynes* v. *Thomas, supra,* the court says:

> "and while the plenary authority of the legislature, either by itself or some subordinate agency or tribunal, to so divest the common public right in a street was recognized, it was held that the private right of egress and ingress of an abutter was one which the legislature itself could not take away and with it take away the right to compensation for the deprivation."

The statute as to vacation does not deny the right to receive compensation for any private or special injury sustained on account of vacating a street, but on the contrary, it makes provision for compensating such abutting owners for such injuries. *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965. That case also upheld notice by publication, given in accordance with the statute, as against an attack upon its constitutionality.

It is next insisted that the board did not fully comply with Acts of 1905, ch. 129, p. 219; Burns' 1933, §§ 48-2002 and 48-2003, in the following particulars: (1) that the plat from which the assessment roll was prepared shows that other persons owned property in the vicinity of the portion of the street to be vacated, upon whom no notice was served, and who were not awarded damages or assessed for benefits; (2) that the notices given by publication were directed, "To Whom It May Concern," this not being sufficiently specific; and (3) that proper notice of assessment of benefits was not served.

The statute provides, upon vacation of a street, for the preparation of a list of owners of property injuriously or beneficially affected, together with a description of each piece of property affected, and provides that the

list shall not be confined to owners of property along the line of the proposed work, but shall extend to and include all property beneficially or injuriously affected. Damages are to be awarded and benefits assessed from such list, whereupon written notice is to be served upon the owner of each such piece of property, fixing a date for the hearing of remonstrances as to awards and benefits.

There is a provision for publication of notice of the proposed vacation following the adoption of the declaratory resolution, and it is provided that, "Persons not included in the list of such assessments or awards, and claiming to be entitled to the same, shall be deemed to have been notified of the pendency of the proceedings by the original notice of the resolution of the board." Burns' 1933, § 48-2003; *Regenstreif* v. *Merz, supra; Neff* v. *City of Indianapolis, supra.* It is also provided that any person notified or deemed notified, may appear and remonstrate, and if not satisfied with the action of the board, may appeal to the circuit or superior court upon the question of assessments or awards. As was said in *Neff* v. *City of Indianapolis, supra:*

> "Appellants' criticism seems to be based upon the fact that their property was not included in the list or roll of owners of property injuriously affected. But, obviously the list would contain only the names of the owners of property which the board at the time of making the list deemed to be injuriously affected. Their right to be heard was fully protected by the provisions of the statute which permitted them to appear and remonstrate, and be heard upon the question of benefits or damages. . . . If they did not appear they have waived their right to be heard."

Appellant was not included on this list of awards and assessments and hence there was no requirement that

he be served with written notice or given notice ■ by publication as to assessments or awards. Only two persons were named on the list. Appellant contends that proper notice was not served on them and therefore there was not a strict compliance with the statute. The evidence discloses that cards were mailed to them, and one was additionally notified through its attorney. The record is silent as to whether written notices were also served by personal delivery of a copy. In the absence of a contrary showing we must presume that the board complied with the statute. *Falender* v. *Atkins, supra; Regenstreif* v. *Merz, supra; Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429. There is nothing to indicate that a notice by publication was required as to them as to assessments and awards, and therefore the fact that they were not specifically named in the published notice is immaterial. Neither do we deem it error that the publication of notice following the adoption of the declaratory resolution was directed "To Whom It May Concern." The only person shown by the resolution to have been injured or benefited was named in the body of the notice.

We conclude that the evidence, in which there was little conflict, was ample to sustain the special findings of fact; that the decision of the court was not contrary to law; and that the court did not err in its conclusions of law.

Judgment affirmed.

ROYSE, P. J., not participating.

NOTE.—Reported in 85 N. E. 2d 279.